UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Veto Pro Pac, LLC ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. |
| ) | |
| Custom LeatherCraft Manufacturing ) | |
| Co., Inc. ) | |
| Defendant, ) | |
| and ) | |
| ) | |
| Home Depot, Inc. ) | |
| Defendant. ) | February 25, 2008 |
| ) | |

## COMPLAINT

Veto Pro Pac, Incorporated alleges as follows:

### Jurisdiction and Venue

1. This is an action for patent infringement arising under the patent laws of the United States as set forth in Title 35, United States Code (hereinafter "35 U.S.C."), and for the related claims of trade dress infringement and unfair competition under Conn. Gen. Stat. § 42-110a *et seq.*, and for unjust enrichment. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1338 (a) and (b), and under its supplemental jurisdiction.

2. Venue is proper in this district under 38 U.S.C. § 1391 and 1400 (a).

**Parties**

3. Veto Pro Pac, LLC is a corporation organized under the laws of the State of Connecticut, having a principal place of business at P.O. Box 2072, Norwalk, Connecticut 06852-2072.

4. Upon information and belief, Custom LeatherCraft Manufacturing Co., Inc. is a company organized under the laws of California, having headquarters at 10240 South Alameda Street, South Gate, California 90280-5551.

5. Upon information and belief, The Home Depot, Inc. is a company organized under the laws of Delaware, having a principle place of business at 2455 Paces Ferry Road NW, Atlanta, GA 30339-4024.

**Background**

6. Plaintiff is, and has been at all times relevant to the matters alleged in this Complaint, engaged in the business of producing and marketing tool bags.

7. On August 5, 1999, Plaintiff filed an application for a patent entitled "Tool Bag" which was assigned Serial No. 09/368,701. On October, 3, 2000, the application issued as United States Patent No. 6,126,003 (hereinafter "the '003 patent"), a copy of which is attached hereto as Exhibit A.

8. On October 2, 2002, Plaintiff filed an application for a patent entitled "Tool Bag" which was assigned Serial No. 10/263,277. On July 12, 2005, the application issued as United States Patent No. 6,915,902 (hereinafter "the '902 patent"), a copy of which is attached hereto as Exhibit B.

9. Plaintiff is currently, and has been at all times relevant to the matters alleged herein, the owner of the '003 and '902 patents.

10. Plaintiff has expended considerable expense and effort in obtaining patent protection, as well as in manufacturing, advertising, and promoting Plaintiff's patented tool bags.

11. Plaintiff's CEO, Roger Brouard, purchased two "CLC Signature Series" tool bags (hereinafter referred to as the "CLC Tool Bags") in a Home Depot store at 325 Berlin Turnpike, Berlin, CT. Photographs of the CLC Tool Bags are attached hereto as Exhibit C.

12. Defendants' actions violate Plaintiff's exclusive rights in the '003 and '902 patents and constitute infringement thereof.

13. Defendants have been and will continue to be unjustly enriched by making and selling a product that infringes Plaintiff's '003 and '902 patents.

14. Defendants' actions have greatly and irreparably damaged Plaintiff and will continue to do so unless restrained by the Court; wherefore Plaintiff is without adequate remedy at law.

### Count I

### Patent Infringement

15. Plaintiff realleges each and every allegation set forth in paragraphs 1-14, inclusive, and incorporates them herein by reference.

16. Plaintiff is the owner by assignment of the '003 patent, which was duly and legally issued by the United States Patent and Trademark Office on October 3, 2000.

17. Defendants have infringed the '003 patent by making, using, offering for sale, and/or selling tool bags covered by the claims of the '003 patent and will continue to do so unless enjoined by this Court.

18. Defendants' infringement of the '003 patent has been knowing and willful.

19. Defendants' infringement of the '003 patent has damaged Plaintiff in an amount that is unknown and cannot at the present time be ascertained.

## Count II

### Patent Infringement

20.     Plaintiff realleges each and every allegation set forth in paragraphs 1-19, inclusive, and incorporates them herein by reference.

21.     Plaintiff is the owner by assignment of the '902 patent, which was duly and legally issued by the United States Patent and Trademark Office on July 12, 2005.

22.     Defendants have infringed the '902 patent by making, using, offering for sale and/or selling tool bags covered by the allowed claims of the '902 patent and will continue to do so unless enjoined by this Court.

23.     Defendants' infringement of the '902 patent has been knowing and willful.

24.     Defendants' infringement of the '902 patent has damaged Plaintiff in an amount that is unknown and cannot at the present time ascertained.

## Count III

### Unjust Enrichment

25.     Plaintiff realleges each and every allegation set forth in paragraphs 1-24, inclusive, and incorporates them herein by reference.

26. As a result of the conduct of Defendants as described above, and unless the relief sought in this Complaint is granted, Defendants will unjustly benefit from, and be unjustly enriched by, their own intentional and wrongful acts.

27. To the extent that any unjust benefit or enrichment accrues, it is rightfully and equitably the property of Plaintiff since all of it will have directly flowed from the unlawful use of Plaintiff's property.

## Count IV

## Unfair Competition

28. Plaintiff realleges each and every allegation set forth in paragraphs 1-27, inclusive, and incorporates them herein by reference.

29. The foregoing acts of Defendants are a violation of the common law of the State of Connecticut and have violated the provisions of Conn. Gen. Stat. § 42-110a *et seq.* (the Connecticut Unfair Trade Practices Act).

30. The foregoing acts of trade dress infringement and unfair competition by Defendants have damaged Plaintiff in an amount that is unknown and cannot at the present time be ascertained and will continue to cause damage and injury to Plaintiff unless enjoined by this Court.

**WHEREFORE, as relief, Plaintiff prays that:**

1. That this Court permanently enjoin Defendants from infringing the '003 and '902 patents, pursuant to 35 U.S.C. § 283.

2. That this Court award Plaintiff treble damages, pursuant to 35 U.S.C. § 284.

3. Plaintiff recovers its reasonable attorney's fees, costs, interest, and other expenses as allowed by 35 U.S.C. § 285 and/or any other applicable provisions and/or statutes.

4. That Defendants be required to account to Plaintiff for all profits realized by Defendants from the sale of the infringing CLC Tool Bags.

5. That Plaintiff be awarded its damages for injury to goodwill and reputation caused by Defendants.

6. That Plaintiff have such other and further relief, as this Court may deem just and equitable.

Veto Pro Pac, LLC

By /s/ Richard R. Michaud
Richard R. Michaud, Ct 17144
Michaud-Duffy Group LLP
306 Industrial Park Road, Suite 206
Middletown, CT 06457
Tel: (860) 632-7200
Fax: (860) 632-8269
Email: Michaud@michaud-duffy.com