UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
(Hartford)

| | |
|---|---|
| VETO PRO PAC, LLC,<br><br>               Plaintiff,<br><br>vs.<br><br>CUSTOM LEATHERCRAFT MANUFACTURING CO., INC. and HOME DEPOT, INC.<br><br>               Defendants. | Civil Action No. 3:08-cv-00302 (VLB) |

## DEFENDANT CUSTOM LEATHERCRAFT MANUFACTURING CO., INC.'S MOTION TO DISMISS

Defendant Custom LeatherCraft Manufacturing Co., Inc. ("CLC") respectfully requests that the Court dismiss Counts III and IV of Veto Pro Pac, LLC's ("Veto") Complaint alleging state law claims of unjust enrichment and unfair competition against CLC, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  CLC further requests that the Court dismiss Veto's claim against CLC for willful infringement and its claim for attorney's fees for an exceptional case under 35 U.S.C. § 285.  Finally, to the extent Veto intended to state a claim for trade dress infringement, CLC requests that this claim should also be dismissed pursuant to Rule 12(b)(6).

As discussed more fully in the memorandum of law filed concurrently with this motion, Veto's state law claims of unjust enrichment and unfair competition are preempted by federal patent law because they are based exclusively on allegations that CLC has infringed U.S. Patent No. 6,126,003 and U.S. Patent No. 6,9159,902.  As such,

**ORAL ARGUMENT REQUESTED**
**WITNESS TESTIMONY NOT REQUIRED**

the claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Even if Veto's state law claims were not preempted, they should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted because the Complaint's bare allegations of patent infringement are insufficient to establish these causes of action.

Furthermore, Veto's blanket assertions of willful infringement and exceptional case should also be dismissed under Rule 12(b)(6) for failure to state a claim because the Complaint does not contain any factual allegations to support these claims.

Finally, to the extent Veto intended to state a claim for trade dress infringement against CLC, this claim should also be dismissed pursuant to Rule 12(b)(6) because Veto has made no allegations to support such a claim.

WHEREFORE, CLC respectfully requests that the Court dismiss Counts III and IV of the Complaint and the state law claims of unjust enrichment and unfair competition contained therein, the claims of willful infringement and exceptional case, and, to the extend the Complaint contains such a claim, the claim for trade dress infringement.

Dated: May 21, 2008                                          Respectfully Submitted,

    /s/ Chad A. Landmon
Chad A. Landmon (ct20932)
Email: cal@avhlaw.com
Thomas K. Hedemann (ct27686)
Email: tkh@avhlaw.com
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702
Telephone: (860) 275-8100
Facsimile: (860) 275-8101

*Attorneys for Defendant Custom LeatherCraft Manufacturing Co. Inc.*

2

**ORAL ARGUMENT REQUESTED**
**WITNESS TESTIMONY NOT REQUIRED**