# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT
### (Hartford)

|  |  |
|---|---|
| VETO PRO PAC, LLC, | |
| Plaintiff, | |
| vs. | Civil Action No. 3:08-cv-00302 (VLB) |
| CUSTOM LEATHERCRAFT MANUFACTURING CO., INC. and HOME DEPOT, INC. | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CUSTOM LEATHERCRAFT MANUFACTURING CO., INC.'S MOTION TO DISMISS

**ORAL ARGUMENT REQUESTED**
**WITNESS TESTIMONY NOT REQUIRED**

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................... i

TABLE OF AUTHORITIES ............................................................................... ii

ARGUMENT ................................................................................................... 3

I.  THE STATE LAW CLAIMS AGAINST CLC
    ARE PREEMPTED BY FEDERAL PATENT LAW ........................................ 4

    A.  The Only Conduct Alleged in the Complaint is
        Willful Infringement of the '003 and '902 Patents ............................... 5

    B.  Veto's Claim of Unjust Enrichment in Count III of the
        Complaint is Based Exclusively on the Allegations of Patent Infringement ...... 5

    C.  Veto's Claim of Unfair Competition in Count IV of the
        Complaint is Based Exclusively on the Allegations of Patent Infringement ...... 6

    D.  Veto's Claims of Unjust Enrichment and Unfair
        Competition are Preempted by Federal Patent Law ............................... 7

II. EVEN IF VETO'S STATE LAW CLAIMS WERE NOT
    PREEMPTED THEY SHOULD BE DISMISSED FOR FAILURE
    TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ............... 10

    A.  Unjust Enrichment ............................................................................. 10

    B.  Unfair Competition - CUPTA ............................................................ 11

    C.  Unfair Competition - Common Law .................................................. 13

III. VETO'S ALLEGATIONS OF WILLFUL INFRINGEMENT AND
     EXCEPTIONAL CASE ARE INSUFFICIENT AND SHOULD BE DISMISSED ...... 14

IV. TO THE EXTENT VETO HAS ALLEGED
    TRADE DRESS INFRINGEMENT AGAINST CLC, THE
    ALLEGATION IS INSUFFICIENT AND SHOULD BE DISMISSED ............... 16

CONCLUSION ............................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

Aztec Energy Partners, Inc. v. Sensor Switch, Inc.,
   531 F. Supp. 2d 226 (D. Conn. 2007) ........................................................ 12, 13

Bernheim v. Litt,
   79 F.3d 318 (2d Cir. 1996) ........................................................ 3

Bell Atl. Corp. v. Twombly,
   127 S. Ct. 1955 (2007) ........................................................ 3, 11

Boulevard Assocs. v. Sovereign Hotels,
   72 F.3d 1029 (2d Cir. 1995) ........................................................ 12, 13

Cupe v. Lantz,
   470 F. Supp. 2d 128 (D. Conn. 2007) ........................................................ 8

Hunter Douglas, Inc. v. Harmonic Design,
   153 F.3d 1318 (Fed. Cir. 1998) ........................................................ 4, 7

In re Seagate Tech., LLC,
   497 F.3d 1360 (Fed. Cir. 2007) ........................................................ 14

Iqbal v. Hasty,
   490 F.3d 143 (2d Cir. 2007) ........................................................ 3, 10, 11, 14

Kavowras v. N.Y. Times Co.,
   328 F.3d 50 (2d Cir. 2003) ........................................................ 8

Knova Software, Inc. v. Inquira, Inc.,
   No. 06-381, 2007 U.S. Dist. LEXIS 31121 (D. Del. Apr. 27, 2007) ........................................................ 8

Lab. Corp. of Am. Holdings v. Chiron Corp.,
   384 F.3d 1326 (Fed. Cir. 2004) ........................................................ 4

Larsen Chelsey Realty Co. v. Larsen,
   232 Conn. 480 (Conn. 1995) ........................................................ 13

Midwest Indus., Inc. v. Karavan Trailers, Inc.,
   175 F.3d 1356 (Fed. Cir. 1999) ........................................................ 4

Multiform Desiccants, Inc. v. Medzam Ltd.,
    133 F.3d 1473 (Fed. Cir. 1998) ................................................................. 15

Nora Bevs., Inc. v. Perrier Group of Am. Inc.,
    164 F.3d 736 (2d Cir. 1998) ...................................................................... 16

Omega Eng'g v. Eastman Kodak Co.,
    30 F. Supp. 2d 226 (D. Conn. 1998) .......................................................... 12

Paulsen v. Kronberg,
    66 Conn. App. 876 (Conn. App. Ct. 2001) ................................................. 11

Vertex, Inc. v. City of Waterbury,
    278 Conn. 557 (Conn. 2006) ...................................................................... 10

Willow Springs Condo. Ass'n v. Seventh BRT Dev. Corp.,
    245 Conn. 1 (1998) .................................................................................... 12

## Statutes and Regulations

35 U.S.C. § 285 .................................................................................................. 1, 15

Conn. Gen. Stat. § 42-110 ........................................................................ 11, 12, 13, 16

## Other Materials

Lanham Trademark Act, 15 U.S.C. § 1125(a) ...................................................... 16

Fed. R. Civ. P. 8(a)(2) ...................................................................................... 3, 10

Fed. R. Civ. P. 12(b)(6) ...................................................................................... *passim*

Defendant Custom LeatherCraft Manufacturing Co., Inc. ("CLC") respectfully requests that the Court dismiss Counts III and IV of Veto Pro Pac, LLC's ("Veto") Complaint alleging state law claims of unjust enrichment and unfair competition against CLC, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. CLC further requests that the Court dismiss Veto's claim against CLC for willful infringement and its claim for attorney's fees for an exceptional case under 35 U.S.C. § 285. Finally, to the extent Veto intended to state a claim for trade dress infringement against CLC, this claim should also be dismissed for failure to state a claim upon which relief may be granted.

Counts I and II of Veto's four-count Complaint allege infringement of U.S. Patent No. 6,126,003 ("the '003 patent") and U.S. Patent No. 6,9159,902 ("the '902 patent"). The Complaint also alleges that the infringement was willful and that this is an exceptional case under 35 U.S.C. § 285. These claims all arise under federal patent law. Counts III and IV, on the other hand, allege state law claims for unjust enrichment and unfair competition, respectively. Although the Complaint contains both federal and state law claims, CLC's alleged infringement of the '003 and '902 patents forms the sole basis for all the claims. Thus, Veto's two state law claims are based entirely on allegations of conduct that is governed by federal patent law. Under controlling Federal Circuit precedent, Counts III and IV are therefore preempted by federal patent law and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Even if Veto's state law claims were not preempted, they should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In Connecticut, unjust enrichment requires a showing that the defendant benefited at the expense of the plaintiff, and Veto has made no allegation that CLC has in any way

benefited from Veto's patents. Similarly, the Complaint contains no allegations that, if proven, could meet the criteria for an unfair competition claim under either the Connecticut Unfair Trade Practices Act ("CUTPA") or common law. A bare allegation of patent infringement can neither establish a violation of CUTPA nor, as is required for common law unfair competition, establish that CLC maliciously or deliberately interfered with Veto's business expectancies.

Furthermore, Veto's bare assertions of willful infringement and exceptional case should also be dismissed under Rule 12(b)(6) for failure to state a claim. The Federal Circuit recently established a recklessness standard for willful infringement with both an objective and a subjective component, yet the Complaint contains no factual allegations that could meet this standard. Veto has therefore failed to render the claim plausible, as is required by the pleading requirements set out by the Supreme Court and the Second Circuit. Willful infringement is, moreover, the only allegation in the Complaint that could support Veto's claim of exceptional case. This claim should therefore also be dismissed.

Finally, to the extent Veto intended to state a claim for trade dress infringement against CLC, this claim should also be dismissed pursuant to Rule 12(b)(6). Veto has made no allegations concerning any trade dress it employs, how such a trade dress is distinctive, or how it is likely to be confused with a trade dress employed by CLC. Veto has therefore failed to render a claim of trade dress infringement plausible, and the claim, to the extent there is a claim, should be dismissed.

# ARGUMENT

Veto's state law claims of unjust enrichment and unfair competition should be dismissed for two independent reasons. First, the sole factual basis in the Complaint for these claims is CLC's alleged infringement of the '003 and '902 patent. Because the alleged conduct underlying these state law claims is governed by federal patent law, they are preempted and should be dismissed. Second, even if these state law claims were not preempted by federal patent law, dismissal is appropriate because Veto's complaint fails to adequately plead causes of action for unjust enrichment and unfair competition. In addition, Veto's claims of willful infringement and exceptional case are unsupported by any factual allegations in the Complaint that could render the claims plausible and should therefore also be dismissed. Finally, to the extent that Veto intended to assert a trade dress infringement claim, that claim should also be dismissed because the Complaint lacks allegations to support such a claim.

"In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). The Supreme Court recently, however, "explicitly disavowed the oft-quoted statement . . . that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1968 (2007)). The pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." Twombly, 127

3

S. Ct. at 1965. The Second Circuit has interpreted the Supreme Court as "requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal, 490 F.3d at 158.

## I. THE STATE LAW CLAIMS AGAINST CLC ARE PREEMPTED BY FEDERAL PATENT LAW

Veto's state law claims for unjust enrichment and unfair competition are preempted by federal patent law because they are based exclusively on CLC's alleged patent infringement. The Federal Circuit[1] has established that "state law is preempted to the extent that it actually conflicts with federal [patent] law." Hunter Douglas, Inc. v. Harmonic Design, 153 F.3d 1318, 1332 (Fed. Cir. 1998). "To determine whether . . . state law torts are in conflict with federal patent law and accordingly preempted, we assess a defendant's allegedly tortious conduct." Id. at 1335. Thus, "[i]f a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law." Hunter Douglas, 153 F.3d at 1335. Here, the only conduct the Complaint alleges that CLC has engaged in is the "knowing and willful" infringement of the '003 and '902 patents. This conduct is fully governed by federal patent law. As such, Veto's state law claims are preempted and should be dismissed.

---

[1] To ensure national uniformity in patent cases, the Federal Circuit applies its own law rather than the law of the circuit from which the case comes on issues of substantive patent law and procedural issues that bear an essential relationship to patent law. See, e.g., Lab. Corp. of Am. Holdings v. Chiron Corp., 384 F.3d 1326 (Fed. Cir. 2004). The Federal Circuit has determined that its own law governs the issue of whether federal patent law preempts particular state law causes of action. See Midwest Indus., Inc. v. Karavan Trailers, Inc., 175 F.3d 1356, 1359 (Fed. Cir. 1999).

A.   The Only Conduct Alleged in the Complaint is
     Willful Infringement of the '003 and '902 Patents

The only conduct Veto alleges that CLC has engaged in is the knowing and

willful infringement of the '003 and '902 patents.  The following specific allegations are

contained in the Background section and Counts I and II of the Complaint:

> 11.    Plaintiff's CEO, Roger Brouard, purchased two "CLC
> Signature Series" tool bags (hereinafter referred to as the "CLC Tool
> Bags") in a Home depot store at 325 Berlin Turnpike, Berlin, CT.
> Photographs of the CLC Tool Bags are attached hereto as Exhibit C.

> 12.    Defendants' actions violate Plaintiff's exclusive rights in
> the '003 and '902 patens and constitute infringement thereof.

> 17.    Defendants have infringed the '003 patent by making,
> using, offering for sale, and/or selling tool bags covered by the claims of
> the '003 patent and will continue to do so unless enjoined by this Court.

> 18.    Defendants' infringement of the '003 patent has been
> knowing and willful.

> 22.    Defendants have infringed the '902 patent by making,
> using, offering for sale, and/or selling tool bags covered by the claims of
> the '003 patent and will continue to do so unless enjoined by this Court.

> 23.    Defendants' infringement of the '902 patent has been
> knowing and willful.

(Complaint ¶¶ 11, 12, 17, 18, 22, 23.)  Although paragraph 11 refers to conduct by Roger

Brouard, Veto's CEO, it may be read as an allegation that the defendants are selling tool

bags that infringe Veto's patents.  In any event, the Complaint contains no other

allegations of conduct engaged in by CLC.

B.   Veto's Claim of Unjust Enrichment in Count III of the
     Complaint is Based Exclusively on the Allegations of Patent Infringement

Veto's unjust enrichment claim in Count III of the Complaint consists of the

following three paragraphs:

25.    Plaintiff realleges each and every allegation set forth in paragraphs 1-24, inclusive, and incorporates them herein by reference.

26.    As a result of the conduct of Defendants as described above, and unless the relief sought in this Complaint is granted, Defendants will unjustly benefit from, and be unjustly enriched by, their own intentional and wrongful acts.

27.    To the extent that any unjust benefit or enrichment accrues, it is rightfully and equitably the property of Plaintiff since all of it will have directly flowed from the unlawful use of Plaintiff's property.

(Complaint ¶¶ 25-27.)  Thus, Count III contains no independent allegation of conduct but merely incorporates the allegations of patent infringement set out earlier in the Complaint.  (See Complaint ¶¶ 11, 12, 17, 18, 22, 23.)  Moreover, paragraph 26 specifically alleges that the Defendants have been unjustly enriched "[a]s a result of the conduct of Defendants as described above," i.e., as a result of CLC allegedly infringing the '003 and '902 patents.  This is repeated in the only other paragraph in the Complaint where unjust enrichment is mentioned:

13.    Defendants have been and will continue to be unjustly enriched by making and selling a product that infringes Plaintiff's '003 and '902 patents.

(Complaint ¶ 13.)  There can be no dispute, therefore, that Veto bases its unjust enrichment claim against CLC exclusively on the allegation of patent infringement.

C.    Veto's Claim of Unfair Competition in Count IV of the
Complaint is Based Exclusively on the Allegations of Patent Infringement

Veto's unfair competition claim follows the same formula as its unjust enrichment claim and is wholly contained in the following three paragraphs of the Complaint:

28.    Plaintiff realleges each and every allegation set forth in paragraphs 1-27, inclusive, and incorporates them herein by reference.

29.     The foregoing acts of Defendants are a violation of the common law of the State of Connecticut and have violated the provisions of Conn. Gen. Stat. § 42-110a *et seq.* (the Connecticut Unfair Trade Practices Act).

30.     The foregoing acts of trade dress infringement and unfair competition by Defendants have damaged Plaintiff in an amount that is unknown and cannot at the present time be ascertained and will continue to cause damage and injury to Plaintiff unless enjoined by this court.

(Complaint ¶¶ 28-30.)

As is the case with Count III of the Complaint, Count IV contains no independent allegation of conduct by CLC but merely incorporates the previous allegations of patent infringement.  Paragraph 29 explicitly states that it is the "foregoing acts" of patent infringement that constitute unfair competition.  Therefore, Veto's state law claim of unfair competition is based exclusively on CLC's alleged infringement of the '003 and '902 patents.

D.     Veto's Claims of Unjust Enrichment and Unfair
        Competition are Preempted by Federal Patent Law

Because Veto's state law claims are grounded exclusively in its allegations of patent infringement, these claims are preempted by federal patent law.  In Hunter Douglas, the Federal Circuit reviewed a dismissal of six state law claims, including unfair competition, as preempted by federal patent law.  The court examined the three possible preemption theories on which a state law claim could be preempted by federal patent law, i.e., explicit preemption, field preemption or conflict preemption, Hunter Douglas, 153 F.3d 1318, 1331-36, and held that conflict preemption is the correct "means of determining which state law causes of action are preempted. . . ." Id. at 1334-35. Because the district court had based its dismissal of the state law claims on field preemption and an incorrect application of conflict preemption, the Federal Circuit

remanded with instructions that the lower court apply the following analysis for conflict preemption:

> To determine whether . . . state law torts are in conflict with federal patent law and accordingly preempted, we assess a defendant's allegedly tortious conduct. *If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law.* Conversely, if the conduct is not so protected or governed, then the remedy is not preempted. This approach, which considers whether a state law tort, "as-applied," conflicts with federal patent law, is consistent with that employed by the Supreme Court in cases involving preemption of state unfair competition law.

Id. at 1335 (emphasis added.)

As detailed above, the only conduct alleged in Veto's Complaint is that CLC infringed the '003 and '902 patents. Neither the claim of unjust enrichment nor that of unfair competition is based on any other alleged conduct. Therefore, Veto "bases its tort action on conduct that is protected or governed by federal patent law . . . [and] may not invoke the state law remedy, which must be preempted for conflict with federal patent law." Hunter Douglas, 153 F.3d at 1335.

The controlling Federal Circuit precedent from Hunter Douglas was recently applied by a Delaware District Court in Knova Software, Inc. v. Inquira, Inc., No. 06-381, 2007 U.S. Dist. LEXIS 31121 (D. Del. Apr. 27, 2007). In Knova, the plaintiff had alleged willful patent infringement as well as the state law claims of intentional interference with prospective economic relationships, unjust enrichment and unfair competition. Id. at *2. (See also Knova Software's Amended Complaint ¶ 38, attached as Exhibit A.)[2] The court dismissed the intentional interference and unfair competition

---

[2] The Court may take judicial notice of public filings such as other pleadings. See, e.g., Cupe v. Lantz, 470 F. Supp. 2d 128, 133 (D. Conn. 2007) (citing Kavowras v. N.Y. Times Co., 328 F.3d 50, 57 (2d Cir. 2003) ("Judicial notice may be taken of public filings.")).

claims as preempted because "Plaintiffs have not alleged any conduct in support of the state law claim beyond the acts alleged in support of their patent infringement claims." Id. at *7.

Also relevant is the Knova court's reason for declining to dismiss the unjust enrichment claim as preempted. The complaint alleged that the defendant "bundles its infringing software with other services, such as maintenance and support, in order to procure contracts in competition with Plaintiffs. . . . [and] that Defendant received additional fees attributed to the bundled services because it utilized the infringing technology as part of the package." Id. at *8. The district court therefore found that it was "unclear from the face of Plaintiff's Amended Complaint whether the incremental benefit alleged to have been conferred by Defendant's sale of bundled services is more than an attempt to obtain a patent-like remedy for making, using, or selling a patented product." Id. No such ambiguity is present here. Not only does the Complaint not allege any other conduct from which CLC could be unjustly enriched, it specifically states that it is because of the alleged infringing activity that CLC will be unjustly enriched: "Defendants have been and will continue to be unjustly enriched by making and selling a product that infringes Plaintiff's '003 and '902 patents." (Complaint ¶ 13.)

Because the state law claims for unjust enrichment and unfair competition are based solely on conduct that is governed by federal patent law, these claims are preempted. The Court should therefore dismiss Counts III and IV of the Complaint.

II.    EVEN IF VETO'S STATE LAW CLAIMS WERE NOT
       PREEMPTED THEY SHOULD BE DISMISSED FOR FAILURE
       TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Even if the Court finds that Veto's state law claims are not preempted by federal

patent law, these claims should be dismissed under Rule 12(b)(6) for Veto's failure to

state a claim upon which relief can be granted.  In Twombly, the Supreme Court

reexamined the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil

Procedure, explicitly disavowing "the oft-quoted statement . . . that a complaint should

not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." Iqbal, 490 F.3d at 155.  To meet the pleading requirements and state a claim

upon which relief may be granted, a pleader is now obligated to "amplify a claim with

some factual allegations in those contexts where such amplification is needed to render

the claim plausible." Id. at 158.  Veto has failed to provide factual allegations sufficient

to render its claims of unjust enrichment and unfair competition plausible, and the Court

should therefore dismiss these claims pursuant to Rule 12(b)(6).

       A.     Unjust Enrichment

"A right of recovery under the doctrine of unjust enrichment is essentially

equitable, its basis being that in a given situation it is contrary to equity and good

conscience for one to retain a benefit which has come to him at the expense of another."

Vertex, Inc. v. City of Waterbury, 278 Conn. 557, 573 (Conn. 2006).  Thus, in

Connecticut, "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the

defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for

the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." Paulsen v. Kronberg, 66 Conn. App. 876, 878 (Conn. App. Ct. 2001).

To adequately plead a claim under the standard articulated by the Supreme Court in Twombly, the pleader must provide sufficient factual allegations "to render the claim plausible." Iqbal, 490 F.3d at 158. As demonstrated above, Veto's unjust enrichment claim is based entirely on the allegation that CLC has infringed the '003 and '902 patents. Veto's bare allegation of patent infringement cannot render the unjust enrichment claim plausible, however. Specifically, the Complaint contains no allegation that CLC has ever benefited from Veto's patents. Merely infringing a patent does not entail that the infringer has derived any benefit from it. For a benefit to be derived, the infringer must also have used the information contained in the patent to design or manufacture the infringing product. No such allegation is made in the Complaint.

Because the complaint fails to allege any benefit that CLC derived from allegedly infringing Veto's patent, the unjust enrichment claim fails to meet the pleading standard set out by the Supreme Court and the Second Circuit. The Court should consequently dismiss Count III of the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

B.      Unfair Competition – CUTPA

Count IV of the Complaint alleges that CLC has engaged in unfair competition in violation of CUTPA, Conn. Gen. Stat. § 42-110a, *et seq.* Section 42-110b(a) of the Connecticut General Statutes provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a).

"To determine whether a business practice violates CUTPA, Connecticut courts follow the Federal Trade Commission's 'cigarette rule,' namely, whether [the] conduct: '(i) offends public policy as it has been established by statutes, the common law, or otherwise; (ii) is immoral, unethical, oppressive, or unscrupulous; or (iii) causes substantial injury to consumers or other businesses.'" Aztec Energy Partners, Inc. v. Sensor Switch, Inc., 531 F. Supp. 2d 226, 232 (D. Conn. 2007) (quoting Omega Eng'g v. Eastman Kodak Co., 30 F. Supp. 2d 226, 260 (D. Conn. 1998)). "An unfair business practice under CUTPA can strongly satisfy just one of the criteria or it may satisfy all three criteria to a lesser degree; the criteria are disjunctive." Id. (citing Willow Springs Condo. Ass'n v. Seventh BRT Dev. Corp., 245 Conn. 1, 43 (1998)).

As with its unjust enrichment claim, Veto bases its unfair competition claim exclusively on CLC's alleged infringement of the '003 and '902 patents. A bare assertion of patent infringement, however, does not establish a CUTPA violation. The Second Circuit has held that "a simple contract breach is not sufficient to establish a violation of CUTPA. . . ." Boulevard Assocs. v. Sovereign Hotels, 72 F.3d 1029, 1039 (2d Cir. 1995) (citing cases). As the court explained, "[a] rule to the contrary – that a company violates CUTPA whenever it breaks an unprofitable deal – would convert every contract dispute into a CUTPA violation." Id. Similarly, if an allegation of patent infringement were sufficient to establish a violation of CUTPA, nearly every patent dispute filed in the district of Connecticut would be converted into a CUTPA violation. Such a result could not have been intended by the Connecticut legislature when CUTPA was adopted.

Moreover, the allegations contained in the Complaint do not "strongly satisfy just one of the [cigarette rule] criteria or . . . satisfy all three criteria to a lesser degree. . . ." Aztec Energy Partners, 531 F. Supp. 2d at 232. First, just as "a breach of contract standing alone does not offend public policy," Sovereign Hotels, 72 F.3d at 1039, neither does patent infringement standing alone. Nor can it be maintained that simple infringement rises to the level of "immoral, unethical, oppressive, or unscrupulous" conduct. See Aztec Energy Partners, 531 F. Supp. 2d at 232 (stating that "a simple breach of contract cannot be described as 'immoral, unethical, oppressive, or unscrupulous'"). Finally, Veto has not alleged that CLC has infringed the patents of any other patentees or that CLC's alleged conduct has caused any injury to consumers. Veto has therefore failed to make any allegation that could meet the third "cigarette rule" prong. Id. at 232-33.

In sum, the Complaint fails to allege conduct that, if proven, could satisfy the elements of a CUTPA claim. Count IV of the Complaint should therefore be dismissed for failure to state a claim upon which relief may be granted.

C.     Unfair Competition – Common Law

In addition to alleging a CUTPA violation, Veto also alleges common law unfair competition against CLC. As with all its other claims, Veto bases the common law unfair competition claims exclusively on CLC's alleged patent infringement. This is insufficient.

The Connecticut Supreme court has explained that common law unfair competition covers a much narrower range of business conduct than CUTPA. Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 507 (Conn. 1995) ("It is clear that CUTPA

has come to embrace a much broader range of business conduct than does the common law tort action.") (internal quotation marks omitted). Thus, "[w]hile liability in tort is imposed only if the defendant maliciously or deliberately interfered with a competitor's business expectancies, CUTPA liability is premised on a finding that the defendant engaged in unfair competition and unfair or deceptive trade practices." Id.

To adequately plead a claim of common law unfair competition, therefore, Veto would have had to assert factual allegations sufficient to establish that CLC maliciously or deliberately interfered with Veto's business expectancies. Such allegations are absent from the Complaint, and the Court should therefore dismiss Veto's common law unfair competition claim pursuant to Rule 12(b)(6).

III.     VETO'S ALLEGATIONS OF WILLFUL INFRINGEMENT AND EXCEPTIONAL CASE ARE INSUFFICIENT AND SHOULD BE DISMISSED

While the Complaint alleges that the Defendants' infringement of the '003 and '902 patents has been "knowing and willful" (Complaint ¶¶ 18, 23), it does not provide any factual basis for this claim. By failing to allege any facts that could meet the standard for willful infringement, the Complaint has failed to provide the "factual allegations . . . needed to render the claim plausible," and Veto's willfulness claim should therefore be dismissed. Iqbal, 490 F.3d at 158.

The Federal Circuit recently revisited the standard for willful infringement and held that, to establish willful infringement, a patentee must show (1) "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and (2) "that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007). There is no allegation in the Complaint that

14

CLC "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" or that this "objectively-defined risk" was known or should have been known by CLC. Nor are there any factual allegations that could conceivably be construed as such. Under the pleading standard articulated by the Supreme Court and the Second Circuit, therefore, Veto's allegation of willful infringement should be dismissed from the Complaint for failure to state a claim upon which relief may be granted.

Veto's prayer for "reasonable attorney's fees, costs, interests, and other expenses as allowed by 35 U.S.C. § 285," (Complaint at p.7), must also be dismissed under Rule 12(b)(6). Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "Findings of exceptional case have been based on a variety of factors; for example, willful or intentional infringement, inequitable conduct before the Patent and Trademark Office, vexatious or unjustified litigation, or other misfeasant behavior." Multiform Desiccants, Inc. v. Medzam Ltd., 133 F.3d 1473, 1482 (Fed. Cir. 1998). Here, the only allegation in the Complaint that could form the basis for a finding of exceptional case is willful infringement. As argued above, however, the willfulness claim should itself be dismissed. Veto has therefore failed to make any allegation that, if proven, could support a finding of exceptional case. As such, the exceptional case claim should be dismissed by the Court.

IV. TO THE EXTENT VETO HAS ALLEGED
TRADE DRESS INFRINGEMENT AGAINST CLC, THE
ALLEGATION IS INSUFFICIENT AND SHOULD BE DISMISSED

In Paragraph 1 of the Complaint, Veto states that this is "an action for patent infringement arising under the patent laws . . . and for the related claims of trade dress infringement and unfair competition under Conn. Gen. Stat. § 42-110a *et seq.* . . ." (Complaint ¶ 1.) In Paragraph 30, Veto alleges that "[t]he foregoing acts of trade dress infringement and unfair competition by Defendants have damaged Plaintiff in an amount that is unknown and cannot at the present time be ascertained and will continue to cause damage and injury to Plaintiff unless enjoined by this court." (Complaint ¶ 30.) These are the only references to trade dress infringement in the Complaint, and Veto makes no factual allegations that could conceivably support such a claim. Given the dearth of statements and allegations relevant to a trade dress infringement claim, it is not clear whether Veto intended to raise this as a claim. If Veto did so intend, however, it should be dismissed for failure to state a claim upon which relief may be granted.

The Lanham Trademark Act, 15 U.S.C. § 1125(a), "protects trade dress that (1) is either inherently distinctive or has acquired distinctiveness through a secondary meaning and (2) is not functional." Nora Bevs., Inc. v. Perrier Group of Am. Inc., 164 F.3d 736, 743 (2d Cir. 1998). "The plaintiff bears the burden of proof on distinctiveness. . . . [and] must also show that there is a likelihood of confusion between its trade dress and the allegedly infringing trade dress." Id. Here, the Complaint is devoid of allegations as to any trade dress employed by a product sold by Veto. It consequently also lacks any allegations of distinctiveness and likelihood of confusion between a trade dress employed by Veto and a trade dress employed by CLC. Veto has therefore failed to provide the

factual allegations needed to render a claim of trade dress infringement plausible, and the claim, to the extent there is a claim, should be dismissed under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Counts III and IV of the

Complaint and the state law claims of unjust enrichment and unfair competition

contained therein, the claims of willful infringement and exceptional case, and, to the

extend the Complaint contains such a claim, the claim for trade dress infringement.

Dated: May 21, 2008                                  Respectfully Submitted,

                                            /s/ Chad A. Landmon
                                            Chad A. Landmon (ct20932)
                                            Email: cal@avhlaw.com
                                            Thomas K. Hedemann (ct27686)
                                            Email: tkh@avhlaw.com
                                            Axinn, Veltrop & Harkrider LLP
                                            90 State House Square
                                            Hartford, CT 06103-3702
                                            Telephone: (860) 275-8100
                                            Facsimile: (860) 275-8101

*Attorneys for Defendant Custom*
*LeatherCraft Manufacturing Co. Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant Custom LeatherCraft

Manufacturing Co., Inc.'s Motion to Dismiss and Memorandum of Law in Support of

Defendant Custom LeatherCraft Manufacturing Co., Inc.'s Motion to Dismiss have been

served via electronic and first-class mail this 21st day of May, 2008, to:

> Richard R. Michaud, Esq.
> Raymond D. Thompson, Esq.
> Michaud-Duffy Group
> 306 Industrial Park Rd., Suite 206
> Middletown, CT 06457
> michaud@michaud-duffy.com

>                       /s/ Thomas K. Hedemann
>                   Thomas K. Hedemann (ct27686)
>                   Email: tkh@avhlaw.com
>                   Axinn, Veltrop & Harkrider LLP
>                   90 State House Square
>                   Hartford, CT 06103-3702
>                   Telephone: (860) 275-8100
>                   Facsimile: (860) 275-8101
>
>                   *Attorneys for Defendant Custom*
>                   *LeatherCraft Manufacturing Co. Inc.*