UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
(Hartford)

| | |
|---|---|
| VETO PRO PAC, LLC,<br><br>            Plaintiff,<br><br>vs.<br><br>CUSTOM LEATHERCRAFT<br>MANUFACTURING CO., INC. and<br>HOME DEPOT, INC.<br><br>            Defendants. | Civil Action No. 3:08-cv-00302 (VLB) |

### DEFENDANT, HOME DEPOT, INC.'S MOTION TO DISMISS

NOW COMES the defendant, Home Depot, Inc. ("Home Depot"), and respectfully requests that the Court dismiss Counts III and IV of Veto Pro Pac, LLC's ("Veto") Complaint alleging state law claims of unjust enrichment and unfair competition against Home Depot, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Home Depot further requests that the Court dismiss Veto's claim against it for willful infringement, as well as Veto's claim for attorneys' fees for an exceptional case under 35 U.S.C. §285. Finally, to the extent Veto intended to state a claim for trade dress infringement, Home Depot requests that this claim should also be dismissed pursuant to Rule 12(b)(6).

In making this motion, Home Depot joins in the Motion to Dismiss and Memorandum of Law in support thereof filed by the defendant, Custom LeatherCraft Manufacturing Co., Inc. ("CLC") on or about May 21, 2008.

In support of this motion, Home Depot relies upon and incorporates herein by reference the reasons and supporting authority set forth in CLC's Memorandum of Law in Support of Defendant, Custom LeatherCraft Manufacturing Co., Inc.'s Motion to Dismiss, a copy of which is attached hereto as Exhibit 1. In its Complaint, Veto makes no distinction with respect to the actions of CLC or Home Depot regarding the allegations of wrongful conduct. Veto's Complaint consistently refers to the actions of "the defendants" without distinguishing between them. *See e.g.,* Complaint, ¶¶ 12, 13, 17-19, 22-24, 26, and 29-30. As a result, each of the legal grounds and authority in support thereof cited by CLC in support of its Motion to Dismiss apply with equal force to Home Depot and its Motion to Dismiss. To the extent that the Court concludes that certain claims stated in Veto's Complaint should be dismissed with respect to CLC, for all of the same reasons (as set forth in CLC's Memorandum) they should be dismissed with respect to Home Depot as well.

WHEREFORE, for all of the above reasons as well as the reasons set forth in CLC's Memorandum in Support of Motion to Dismiss, Home Depot respectfully requests that the Court dismiss Counts III and IV of the Complaint and the state law claims of unjust enrichment and unfair competition contained therein, the claims of willful infringement and exceptional case, and, to the extent the Complaint contains such a claim, the claim for trade dress infringement against Home Depot.

3

Dated: June 9, 2008                                          Respectfully Submitted,


    /s/ Steven M. Coyle
Steven M. Coyle  (ct21039)
Email: scoyle@cantorcolburn.com
CANTOR COLBURN LLP
20 Church Street
22nd Floor
Hartford, CT 06103
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

*Attorney for Defendant Home Depot, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer, Counterclaims, and Jury Demand of Home Depot, Inc. have been served via electronic and first-class mail this 9th day of June, 2008, to:

> Richard R. Michaud, Esq.
> Michaud-Duffy Group
> 306 Industrial Park Rd., Suite 206
> Middletown, CT 06457
> michaud@michaud-duffy.com
>
> Chad A. Landmon
> cal@avhlaw.com
> Thomas K. Hedemann
> tkh@avhlaw.com
> Axinn, Veltrop & Harkrider LLP
> 90 State House Square
> Hartford, CT 06103-3702

>         /s/ Steven M. Coyle
> Steven M. Coyle  (ct21039)
> Email: scoyle@cantorcolburn.com
> CANTOR COLBURN LLP
> 20 Church Street
> 22nd Floor
> Hartford, CT 06103
> Telephone: (860) 286-2929
> Facsimile: (860) 286-0115
>
> *Attorney for Defendant Home Depot, Inc.*