UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Veto Pro Pac, LLC ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 3:08-cv-00302 (VLB) |
| ) | |
| Custom Leather Craft Manufacturing ) | |
| Co., Inc. ) | |
| Defendant, ) | |
| and ) | |
| ) | |
| Home Depot, Inc. ) | |
| Defendant. ) | June 9, 2008 |
| ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT CUSTOM LEATHER CRAFT'S MOTION TO DISMISS**

Plaintiff, Veto Pro Pac, LLC ("Veto") respectfully submits this Response to Defendant, Custom Leather Craft Manufacturing Co., Inc.'s ("CLC") MotionTo Dismiss.

I. **Introduction**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Plaintiff's complaint has provided "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action…" as required in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). Defendant, CLC now comes asking this court to dismiss a

majority of the counts of the complaint before it has filed a complete Answer and indeed the co-defendant, Home Depot, Inc. has just today filed an appearance and only a partial Answer in the case. No discovery has been conducted and indeed initial disclosures will not be served by any parties until more than one month after this motion to dismiss claims. The court is urged to assure proper recourse for the Plaintiff by denying this motion in its entirety until the parties have an opportunity to do proper discovery on issues relevant to the motion now before the court as will be discussed below.

II. Background

Defendant Custom LeatherCraft Manufacturing Co., Inc. ("CLC") has filed a motion before the Court to dismiss Counts III and IV of Plaintiff's ("Veto") Complaint which set out state law claims of unjust enrichment and unfair competition against CLC, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the alternative grounds of federal preemption and failure to state a claim upon which relief can be granted. CLC' motion further requests that the Court dismiss Veto's claim against CLC for willful infringement and its claim for attorney's fees for an exceptional case under 35 U.S.C. § 285. Finally, CLC requests that the trade dress infringement claim should also be dismissed pursuant to Rule 12(b)(6).

III. Argument

**A.** *Conditional Request for Leave to Amend the Complaint*

Plaintiff believes its pleadings are sufficient to be maintained at this pre-discovery stage of proceedings as will be set forth in detail below. However, in the event the Court finds that additional specificity is required in the complaint, Plaintiff respectfully requests leave to amend its Complaint prior to any adverse ruling regarding dismissal of any counts or portions of counts of the original complaint.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires." F.R.C.P 15(a). Additionally, this Court has previously noted that it is well established that leave to amend is liberally granted. *Concerned Citizens of Belle Haven v. The Belle Haven Club*, 2002 WL 32124959, at *3 (D. Conn. Oct. 25, 2002) (granting leave to amend because opposing party could not show undue delay, bad faith, repeated failure to cure deficiencies or undue prejudice by virtue of allowance of the amendment).

**B.** *Trade Dress Claims Prevents Federal Patent Law Preemption Of State Law Claims*

Veto's state law claims in Counts III and IV for unjust enrichment and unfair competition are not preempted by federal patent law because, at a minimum, they include allegations of trade dress infringement deriving from Paragraph 30 which specifically refers to trade dress.

> 30. The foregoing acts of trade dress infringement and unfair competition by Defendants have damaged Plaintiff in an amount that is unknown and cannot at the present time

be ascertained and will continue to cause damage and injury to Plaintiff unless enjoined by this Court. (Complaint ¶ 30)

The actions of Defendant, CLC, during the design and making of CLC's Signature Series tool bags resulted in a tool bag having substantial similarity of appearance to Plaintiff's tool bags. This similarity of appearance is an element of determining trade dress infringement. Such substantial similarity between products is likely to result in confusion in the marketplace. CLC's tool bags bear such a striking resemblance to Plaintiff's tool bags in overall appearance that consumers are likely to be confused or misled as to the source of origin. This is the showing required under Lanham 43(a) as clearly set forth in the Second Circuit case of *George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532 (2d Cir. N.Y. 1992) where the basic requirements of trade dress cause of action are set forth:

> As amended and in relevant part, § 43(a) of the Lanham Act provides:
> Any person who, or in connection with . . . any container for goods, uses in commerce any word, term, name, symbol or device, or any combination thereof . . which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods . . . by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. 15 U.S.C. § 1125(a)(1).
>
> This provision protects what is known as a product's "trade dress" or packaging, which "'involves the total image of a

product and may include features such as size, shape, color or color combinations, texture, [or] graphics.'" *LeSportsac, Inc. v. K Mart Corp.*, 754 F.2d 71, 75 (2d Cir. 1985) (quoting *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 980 (11th Cir. 1983)). Under § 43(a), in order to establish a defendant's liability for infringing upon an inherently distinctive trade dress, a plaintiff now need only prove that the defendant's trade dress will likely mislead consumers as to the source of the goods. See *Two Pesos, Inc. v. Taco Cabana, Inc.*, 112 S. Ct. 2753, 120 L. Ed. 2d 615 (U.S. June 26, 1992).

Id. at 1536.

In *Hunter Douglas, Inc. v. Harmonic Design*, 153 F.3d 1318 (Fed. Cir. 1998), a case used by CLC in support of their motion, the court recognizes the significance of unfair competition claims being present in the controversy to prevent federal patent preemption. The CAFC states:

In *Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 30 U.S.P.Q.2D (BNA) 1621 (Fed. Cir. 1994), we espoused a similar view:
Unfair competition law and patent law have long existed as distinct and independent bodies of law, each with different origins and protecting different rights. . . . The distinction between the law of unfair competition and patent law is also evident in the general statutory framework enacted by Congress. Whereas patent law is completely preempted by federal law, the law of unfair competition, despite some federal encroachment, see 15 U.S.C. § 1125(a) (1988), remains largely free from federal exclusivity. The provisions of Title 35

5

>governing patents are not in pari materia with the state and
>federal provisions governing unfair competition.

Id. at 1334. Similarly the allegation in Count IV under Conn. Gen. Stat. § 42-110a et seq. (the Connecticut Unfair Trade Practices Act) is supported at least by the trade dress infringement as a factual basis and would constitute an unfair trade practice adversely affecting Plaintiff's business expectancies relating to sale of tool bags. Plaintiff is entitled to protection from competitors offering products for sale which infringe on its trade dress. Such undermining of Plaintiff's business expectancy comes within the broad range of business conduct of proscribed by CUTPA. *Larsen Chelsey Realty Co. v. Larsen*, 232 Conn. 480, 507 (Conn. 1995).

Count IV, which is based in unfair competition, should not be dismissed based on the substantial support demonstrated in the complaint for causes of action such as trade dress infringement which are fully independent of patent infringement. Thus, contrary to CLC's motion contention, Counts III and IV are <u>not</u> solely supported by patent infringement activities; there are also present trade dress infringement activity which is not uniquely a federal matter, therefore it is not subject to federal preemption.

C.  *Substantial Factual Support is Pleaded for State Law Claims in Counts III and IV*

The *Basch* court noted that the " Supreme Court's recent decision in *Two Pesos* held that a secondary meaning showing was no longer required to

establish a *prima facie* case of trade dress infringement. *Id*. at 1536. Despite not needing secondary meaning for a *prima facie* case, Plaintiff's complaint contains pleaded facts supporting a probable showing of secondary meaning which further supports the sufficiency of the Trade Dress infringement allegations supporting Counts III and IV. This is particularly significant for support of the Unjust Enrichment claim of Count III where Defendants may be unjustly enriched by their trade dress infringement and the remedies of Lanham 43(a) may be inadequate to equitably compensate Plaintiff for its losses.  Losses based upon lost profits of Plaintiff may not be provable in certain circumstances and the equitable remedy of unjust enrichment may be the only basis for a fair recovery of its damages.  Plaintiff's Complaint describes in paragraph 10 that "Plaintiff has expended considerable expense and effort in obtaining patent protection, as well as in manufacturing, advertising, and promoting Plaintiff's patented tool bags."(Complaint ¶ 10) These advertising and promotional activities have established recognition among consumers of the quality and reliability of the Plaintiff's tool bags.  It is certainly plausible for Plaintiff to be able to establish that CLC's introduction of a tool bag which is similar in visual appearance leads to possibility of confusion. Trade Dress infringement under Lanham 43(a) can factually coexist with a patent infringement for the same product so long as the trade dress aspects of the product are not exactly identical to the patented features. In this instance the overall appearance and pocket configurations of the tool

bags at issue in this case are some of the features covered by trade dress claims. The patent claims are directed to specific structural features of the bag design. For the reasons set forth, the Court is respectfully requested to deny the motion to dismiss Counts III and IV based on either federal preemption principles or failure to state a claim on which relief can be granted.

D.  *Dismissal Of Willfulness Claim Would Be Premature and Deny Plaintiff's Proper Discovery.*

The Plaintiff's United States Patent No. 6,126,003 ('003 patent) was available to the public on October, 3, 2000 and the publication of the application which later was granted as United States Patent No. 6,915,902 ('902 patent) was available to the public on April 8, 2004, although the patent actually issued on July 12, 2005. (Complaint ¶ 7 and ¶8) The factual determination of whether CLC was aware of the existence of Plaintiff's patents and applications prior to each distinct phase of commercialization is important to establish for willfulness determination. These phases include the design, manufacturing, marketing and sale of CLC's accused infringing products. This determination of CLC's awareness of the existence of either the Plaintiff's product or the patents or published application is something that is accomplished through the discovery process. If CLC was aware of the existence of the patents or published applications and CLC chose to proceed with commercialization then willfulness can be inferred under the proper factual circumstances. The

significance of the holding altering the nature of willful infringement by the CAFC in *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) does not affect the need for and right of the Plaintiff to be able to conduct proper discovery to determine whether the defendant acted with willfulness as now set forth in *Seagate*. Further, CLC'c assertion of lack of factual allegations is simply not correct. Plaintiff's Complaint in paragraphs 18 and 23 sets forth the assertion that Defendant's infringement was knowing and willful. This is a logical position given the similarity in all aspects of CLC's tool bag when compared to Veto's patented product. Intentional copying is a further logical conclusion based on the similarities. Plaintiff respectfully requests that the court deny the motion to dismiss the willfulness count as premature, given that no discovery has taken place and it is impossible for Plaintiff to know any of the subjective or objective facts relevant to the standards set forth by the *Seagate* opinion.

E.     **Dismissal Of Exceptional Case Claim Would Be Premature And Deny Plaintiff's Proper Discovery**.

Similarly, CLC's motion to dismiss the exceptional case allegations is premature and prejudicial to Plaintiff's right to ascertain whether CLC's activities may be held by the trier of fact to "exceptional" for recovery of damages measures. The court is urged to deny the motion and allow discovery to proceed in its normal course to ascertain all relevant facts germane to the provisions of 35 U.S.C. § 285.

IV.     **CONCLUSION**

**Plaintiff responds that its Complaint is pleaded with sufficient specificity to withstand Defendant, CLC's motion to dismiss Counts III and IV, in addition to the willfulness and exceptional case claims of Plaintiff at this very early stage of proceedings, before any discovery has been conducted on any of the issues.**

**Leave to amend the complaint is alternatively requested prior to any dismissal of any parts of the Complaint to preserve the right of Plaintiff to supplement its factual basis for each claim at this very preliminary stage of this case.**

**Respectfully Submitted,**

**Plaintiff Veto Pro Pac, LLC**

**By:  /s/ Raymond D. Thompson**               **Date:  June 9, 2008**
**Raymond D. Thompson (ct26027)**
**Email: Thompson@michaud-duffy.com**
**Richard R. Michaud (ct17144)**
**Email:  michaud@michaud-duffy.com**
**Michaud-Duffy Group LLP**
**306 Industrial Park Road, Suite 206**
**Middletown, CT 06457**
**Telephone:  (860) 632-7200**
**Facsimile:  (860) 632-8267**

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT CUSTOM LEATHER CRAFT'S MOTION TO DISMISS has been served via electronic and first-class mail this 9th day of June, 2008, to:

**Chad A. Landmon (ct20932)**
Email: cal@avhlaw.com
**Thomas K. Hedemann (ct27686)**
Email: tkh@avhlaw.com
**Axinn, Veltrop & Harkrider LLP**
**90 State House Square**
**Hartford, CT 06103-3702**
**Telephone: (860) 275-8100**
**Facsimile: (860) 275-8101**
**Attorney for Defendant, Custom**
**LeatherCraft Manufacturing Co. Inc.**

**And**

**Steven M. Coyle (ct21039)**
Email: scoyle@cantorcolburn.com
**Cantor Colburn LLP**
**20 Church Street**
**22nd Floor**
**Hartford, CT 06103**
**Telephone: (860) 286-2929**
**Facsimile: (860) 286-0115**
**Attorney for Defendant, Home Depot, Inc.**


**By:   /s/ Raymond D. Thompson**                     **Date:  June 9, 2008**
**Raymond D. Thompson (ct26027)**
**Email: Thompson@michaud-duffy.com**
**Richard R. Michaud (ct17144)**
**Email:  michaud@michaud-duffy.com**
**Michaud-Duffy Group LLP**
**306 Industrial Park Road, Suite 206**
**Middletown, CT 06457**
**Telephone:  (860) 632-7200**
**Facsimile:  (860) 632-8267**