UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VETO PRO PAC, LLC, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:08-cv-00302 (VLB) |
| CUSTOM LEATHERCRAFT | : | |
| MANUFACTURING CO., INC. and | : | |
| HOME DEPOT U.S.A., INC., | : | |
|     Defendants. | : | February 5, 2009 |

**MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTIONS TO DISMISS [Docs. ## 12, 20]**

Before the Court are the partial motions to dismiss filed by the defendants Custom Leathercraft Manufacturing Co., Inc. ("CLC") [Doc. #12] and Home Depot U.S.A., Inc.[1] ("Home Depot"). [Doc. #20] Veto Pro Pac, LLC ("Veto") brought this action claiming that the defendants infringed its tool bag patents, United States Patent Nos. 6,126,003 ("the '003 patent") and 6,915,902 ("the '902 patent"), and also pled state law claims for unjust enrichment and unfair competition in violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a *et seq*. Veto further alleges that the defendants knowingly and willfully infringed its patents and prays for attorney's fees pursuant to 35 U.S.C. § 285.

The Court has federal question jurisdiction over Veto's federal patent infringement claims and supplemental jurisdiction over its state law claims,

---

[1]The Court notes that the Home Depot defendant responsible for the motion to dismiss is Home Depot, Inc., but the parties have since stipulated that Home Depot U.S.A., Inc. shall be substituted in all respects for Home Depot, Inc.. [Doc. #30]

1

which are predicated on the same set of facts. 28 U.S.C. § 1331 and 28 U.S.C. § 1367, respectively. The defendants have each moved to dismiss Veto's state law claims as preempted by federal patent law, or, in the alternative, for failure to state a claim upon which relief may be granted. They further ask the Court to dismiss Veto's claims for willful infringement and attorney's fees. Last, they ask the Court to dismiss Veto's claim for trade dress infringement to the extent Veto intended to plead one. Veto responds that its state law claims are not preempted to the extent they allege trade dress infringement in addition to patent infringement, and further respond that all of their claims are sufficiently pled as they are. For the reasons hereinafter set forth, the defendants' motions are GRANTED in part and DENIED in part.

## Facts

For the purposes of this decision, the Court accepts as true all facts alleged in the complaint and documents attached thereto. Veto is a Connecticut corporation with a principal place of business in Norwalk, Connecticut. It is a producer and marketer of tool bags. On August 5, 1999, it applied for a tool bag patent, and on October 3, 2000, it received the '003 patent. On October 2, 2002, it applied for a tool bag patent, and on July 12, 2005, received the '902 patent. At some point after receiving the two patents, Veto's Chief Executive Officer and the inventor of the two patents, Richard Brouard, purchased two "CLC Signature Series" tool bags in a Home Depot store in Berlin, Connecticut. These two bags infringe the '003 patent and '902 patent.

### Discussion

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), citing Bell Atlantic v. Twombly, 550 U.S. 544 (2007). The court "accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party. . . . In general, [the court's] review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). "To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).

### Trade Dress Infringement and Preemption

As the complaint does not distinguish the actions of each defendant, and Home Depot's motion to dismiss merely joins in the arguments made by CLC in its motion to dismiss, the Court will address the arguments of each side as jointly originating from, and directed to, the two defendants. The defendants argue that Veto's state law claims are preempted by federal patent law. Veto responds that its state law claims are outside the field of patent preemption because they assert

3

claims for trade dress infringement as well as patent infringement.

The decisions of the Federal Circuit control the area of patent law. <u>Midwest Indus., Inc. v. Karavan Trailers, Inc.</u>, 175 F.3d 1356 (Fed. Cir. 1999) The parties agree that <u>Hunter Douglas, Inc. v. Harmonic Design</u>, 153 F.3d 1318 (Fed. Cir. 1998) *overruled on other grounds by* <u>Midwest Indus.</u>, supra, guides the Court's inquiry into whether specific state law claims are preempted by federal patent law.

> To determine whether these state law torts are in conflict with federal patent law and accordingly preempted, we assess a defendant's allegedly tortious conduct. If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law. Conversely, if the conduct is not so protected or governed, then the remedy is not preempted. This approach, which considers whether a state law tort, "as-applied," conflicts with federal patent law, is consistent with that employed by the Supreme Court in cases involving preemption of state unfair competition law.

<u>Id.</u> at 1336. Accordingly, the Court concludes that the third count of the complaint, unjust enrichment, is completely preempted as it simply incorporates the two counts of patent infringement by reference and asserts that these also constitute unjust enrichment on the part of the defendants.

Veto argues that because count four of the complaint, unfair competition, contains an allegation of trade dress infringement, it is not preempted.[2] State law claims which plead a substantial question of federal patent law as a necessary

---

[2]Veto refers to both its third and fourth counts as containing allegations of trade dress infringement, but only its fourth count actually contains such an allegation. Nonetheless, the court's reasoning would not be affected if the third count contained the same bare allegation of trade dress infringement as the fourth count.

4

element, but require some other conduct not governed by federal patent law, are not preempted. Id. at 1337.

In its unfair competition claim, as in its unjust enrichment claim, Veto incorporates by reference its patent infringement claims, and then asserts that such acts violate CUTPA, without pleading any additional conduct not governed by federal patent law. The count concludes, "the foregoing acts of trade dress infringement and unfair competition by Defendants have damaged Plaintiff in an amount that is unknown and cannot at the present time by ascertained . . ." While the complaint does not refer to any statutory basis for a trade dress claim, all of the parties' briefs refer to the Lanham Act, 15 U.S.C. § 1125(a). This is, of course, a federal claim, but it seems from Veto's brief in opposition that it did not intend to plead trade dress infringement as a violation of the Lanham Act, but merely as a possible element of a CUTPA claim. However, a Lanham Act claim is a per se violation of CUTPA, so the distinction is not necessary in this context.[3] Therefore, to survive preemption, Veto must plead conduct in violation of CUTPA, as applied in this case that is separate and independent from its patent law claim. Hunter Douglas 153 F.3d at 1336.

The Federal Circuit has held that state or federal trade dress claims are distinct from patent claims when they protect the non-functional features of a product. Midwest Indus., 175 F.3d at 1363. There is no mention of any Veto

---

[3]See, e.g., Indiaweekly.com, LLC v. Nehaflix, 3:07-cv-00194 at * 16 (D. Conn. January 27, 2009).

product feature not covered by Veto's patent claims within Veto's CUTPA claim. Veto does not identify a specific product or products sold by Veto utilizing the trade dress allegedly infringed by CLC's tool bag. Nor is Veto's trade dress described in any part of the complaint. Therefore, even if the Court did not find Veto's CUTPA claim to be preempted by federal patent law, it would be dismissed under Fed. R. Civ. P. 12(b)(6). "A plaintiff must amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007). The absence of amplification in this case renders Veto's claim implausible. The Court concludes that a CUTPA claim based solely on an allegation of trade dress infringement, without any additional allegations of fact distinguishing such a claim from a federal patent claim, is subject to federal patent preemption.

### Willful Infringement and Exceptional Case

The defendants ask the Court to dismiss Veto's claim that they willfully infringed Veto's patents and accordingly dismiss Veto's claim for attorney's fees in an exceptional case under 35 U.S.C. § 285. Veto responds that it should be allowed to take discovery to determine whether the defendants' infringement was "knowing and willful," and that the determination of exceptional case status is for the factfinder.

"Because patent infringement is a strict liability offense, the nature of the offense is only relevant in determining whether enhanced damages are warranted . . . we have held that an award of enhanced damages requires a showing of

willful infringement." In re Seagate Tech., LLC, 497 F.3d 1360, 1368 (Fed. Cir. 2007). "[P]roof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness." Id. at 1371. While there are no factual allegations pled in the complaint which would lend the inference that the defendants acted with objective recklessness, the complaint does allege that the defendants acted willfully and knowingly. Willful infringement is not a claim in and of itself, but it is grounds for enhanced damages. Id. Moreover, the Federal Rules of Civil Procedure allow "malice, intent, knowledge, and other conditions of a person's mind" to be alleged generally. Fed. R. Civ. P. 9(b) Therefore, the Court cannot provide relief under Rule 12(b)(6).

  The parties agree that the patent infringement claims are well-pleaded and Veto is entitled to discovery on those claims. If the defendants believe that the allegation of willfulness is baseless, they can seek relief under other provisions of the Rules of Civil Procedure. "[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. P. 8, 11(b). So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." Id. at 1374. At this time, it is not clear what "knowledge, information, and belief" Veto had when filing its complaint, and it would be premature to declare that it could not support its allegation of willfulness. Fed R. Civ. P. 11(b).

  The defendants argue that Veto can only support its prayer for attorney's fees if it proves that they acted willfully. Attorney's fees under 35 U.S.C. § 285

may be issued when the Court finds that the infringer acted willfully,[4] but such relief is awarded only after a judgment on liability, and is predicated on findings of fact. See Tate Access Floors, Inc. v. Maxcess Technologies, Inc., 222 F.3d 958, 973 (Fed. Cir. 2000). A finding of such exceptional case status entitling the prevailing party to attorney's fees may be based on either pre- or post-filing conduct.

> While the decision to award attorney fees is discretionary with the trial judge, the finding that a case is 'exceptional' is a finding of fact reviewable under the 'clearly erroneous' standard. Among the types of conduct which can form a basis for finding a case exceptional are willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and frivolous suit.

Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1551 (Fed. Cir. 1989) (internal citations omitted). Veto's claim for attorney's fees under 35 U.S.C. § 285 is included only in the prayer for relief, and preserves their rights to this relief in consideration of the acts alleged in the complaint, or for conduct which occurred prior to the date the complaint was filed. As with its assertion of wilfulness, it is derivative of other claims and therefore not a "claim" that can be dismissed under Fed. R. Civ. P. 12(b)(6). Neither party has provided any authority indicating that the Court should consider exceptional case status before liability is established. Therefore, the Court denies the defendants' motions to deny this case exceptional status without prejudice to renewal at the summary judgment stage or after trial. As the complaint does not address facts constituting this case

---

[4] See Modine Mfg. Co. v. Allen Group, Inc., 917 F.2d 538, 543 (Fed. Cir. 1990).

for exceptional case status on the basis of post-filing conduct, the Court does not address that issue.

## Leave to Amend the Complaint

In its briefs in opposition to the defendants' motions to dismiss [Docs. ## 21, 27] Veto asks that it be given conditional leave to amend prior to an adverse ruling on the defendants' motions. This, it appears, would require the Court to notify the parties of its ruling in advance of issuing that ruling, and then to alter that ruling should Veto's amended complaint resolve those issues. Veto neither presented a proposed amended complaint nor specifically moved for permission to amend. The Court cannot assess whether "justice requires" that it give Veto leave to amend without reviewing the proposed amendment. Fed. R. Civ. P. 15(a)(2). Veto is aware of the defendants' contentions regarding its complaint, and discovery has been ongoing in the seven months since the defendants first moved to dismiss certain of Veto's claims. This is ample time in which Veto could have amended its complaint to resolve the preemption dispute, had it facts upon which it could do so. Therefore, to the extent that Veto moved for leave to amend its complaint prior to this ruling, that motion is DENIED.

The defendants' motions to dismiss [Docs. ## 12, 20] are GRANTED as to the plaintiff's claims of unjust enrichment and unfair competition.

                                          IT IS SO ORDERED.

                                          /s/
                                      Vanessa L. Bryant
                                      United States District Judge

**Dated at Hartford, Connecticut: February 5, 2009.**