UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Veto Pro Pac, LLC ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 3:08-cv-00302 (VLB) |
| ) | |
| Custom LeatherCraft ) | |
| Manufacturing Co., Inc. ) | |
| Defendant, ) | |
| and ) | |
| ) | |
| Home Depot U.S.A, Inc. ) | |
| Defendant. ) | April 29, 2009 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER RELATING TO THE DEPOSITION OF ROGER BROUARD**

This is a patent case in which Plaintiff, Veto Pro Pac, Incorporated ("Veto") has alleged that the defendants have manufactured and sold tool bags that infringe its patent. Defendant, Custom LeatherCraft Manufacturing Co., Inc. ("CLC"), has recently amended its responsive pleading to assert counterclaims for unfair trade practices and tortious interference based on Veto's filing this suit to protect its patent rights. The purpose of this motion is to request that because of CLC's dilatory and obstructionist tactics, the Court set the specific terms and conditions by which the deposition of plaintiff's Chief Executive Officer, Roger Brouard, may be had.

## BACKGROUND

In mid March 2009, Veto noticed the deposition of CLC"s President, Michael Dancyger. At the same time, Veto cooperated in setting a schedule for the deposition of its only two management employees: Robert Wolter, it President and Roger Brouard, Chief Executive Officer. Mr. Wolter's deposition was taken, as scheduled, on April 23, 2009. Mr. Brouard's deposition was scheduled for tomorrow, April 30, 2009. Veto contends that because CLC is disrupting the discovery process by refusing to produce Mr. Dancyger for a deposition, Veto should not have to produce Mr. Brouard until this discovery dispute is resolved.

Despite adequate notice, CLC has taken the position that it will not produce Mr. Dancyger for a deposition. Veto has been provided only the most lame excuses for CLC's refusal to produce him for a deposition. First, CLC stated that because he is President of CLC "he had no direct involvement in the conception or development of the CLC tool bags that Veto alleges infringes [its] patent." *See* Declaration of Ian E. Bjorkman, dated April 29, 2009 ("Bjorkman Dec."), Ex. 1. Second, in a phone conversation on April 28, 2009 CLC's counsel, Thomas Hedemann, informed undersigned counsel that Mr. Dancyger, was "too busy" to give deposition testimony. Of course, neither of these reasons is sufficient to avoid a deposition. As President of the company, it is very likely that he had involvement in approving the development of the infringing products. Indeed, counsel's suggestion that he had no "direct" involvement in the conception or development of the bags, begs the question as to the exact nature of his

involvement.  Moreover, Mr. Dancyger has had about two months to find the time to schedule a deposition.  Finally, CLC recently filed counterclaims claiming that it has been suffered irreparable damage as a result of Veto filing this case.  Certainly, Mr. Dancyger is in a unique position to testify as to how the company was so injured and he was likely involved in the decision to assert the counterclaims.

At Mr. Wolter's deposition last week, counsel discussed Mr. Dancyger's deposition and requested that CLC reconsider its refusal to produce him.  Then, in his deposition, Mr. Wolter testified to telephone conversations that he had with Mr. Dancyger and letters and emails that he wrote and sent to him.  Mr. Wolter testified that he sent Mr. Dancyger a copy of Veto's patent and that CLC expressed an interest in a cheaper "Veto-like" product.  It was assumed that as a result of that testimony there was no plausible way that CLC could continue to take the position that it would not voluntarily produce Mr. Dancyger for a deposition.

But, four days after Mr. Wolter's deposition, on the morning of April 27, 2009 CLC's counsel asked permission to discuss portions of the confidential deposition transcript with CLC, ostensibly for the purpose of determining whether it would produce Mr. Dancyger.  *See* Bjorkman Dec., Ex. 2.  Even though Veto was not required to do so under the terms of the confidentiality order and in light of the obvious relevance of Mr. Dancyger's testimony, Veto gave CLC the permission it sought.  *See* Bjorkman Dec., Ex. 3.  The next morning CLC sent a letter quibbling about the scope of the permission Veto granted.  So, in order to

3

accommodate CLC's request Veto's counsel volunteered to review a rough transcript of Mr. Wolter's deposition. Within hours of receiving that 200+ page transcript from CLC, Veto thoroughly reviewed it and provided CLC with the "attorney-eyes only" designations that had been requested. Despite that considerable effort CLC sent Veto a letter yesterday evening, April 28, 2009, stating that it would be several days before it would inform Veto whether it would refuse to honor Veto's notice of Mr. Dancyger's deposition. *See* Bjorkman Dec., Ex. 4.

Since CLC stated that it needed additional time, today Veto suggested that Mr. Brouard's deposition be postponed for an equivalent amount of time. *See* Bjorkman Dec., Ex. 5. CLC refused this reasonable request late today. *See* Bjorkman Dec., Ex. 6.

## ARGUMENT

Federal Rule of Civil Procedure 26(c) provides that the Court "may make any order which justice so requires to protect a party from annoyance . . . oppression or undue burden . . . including . . . (2) that the disclosure or discovery may be had only on specified terms and conditions including a designation of time and place." A protective order is required to protect Veto from the annoyance, oppression and burden of CLC attempting to unilaterally set the scope, sequence and availability of discovery.

CLC has known for at least six weeks that Veto intended to take Mr. Dancyger's deposition. In early September 2008, Veto produced interrogatory responses and documents that reference direct communications by letter, email

4

and telephone with Mr. Dancyger.  It is disingenuous at best for CLC to suggest that it needs more time to discuss whether to produce its employee for a deposition.  Veto is, of course, willing to work with CLC as to the timing of the deposition.  But it is beyond peradventure that Mr. Dancyger has discoverable information that may be elicited through a deposition.  CLC is attempting to abuse the discovery process by taking the depositions of all of Veto's witnesses and arbitrarily refusing to produce its employees.

Veto respectfully contends that the appropriate relief is for the Court to allow the sequencing of depositions so that Mr. Brouard's deposition is delayed until CLC first states its position as to whether it will produce its employee for deposition.  If CLC agrees to voluntarily produce Mr. Dancyger, it will be possible to promptly reschedule Mr. Brouard's deposition.  If CLC continues to refuse to produce this witness, Veto suggests that Mr. Brouard's deposition be delayed until the Court can rule on Veto's motion to compel.

**CONCLUSION**

For the foregoing reasons, CLC's motion to for protective order should be granted.

**Veto Pro Pac, LLC**


By   /s/ Ian E. Bjorkman
       Ian E. Bjorkman (ct11648)
       Law Office of Ian E. Bjorkman, LLC
       110 Whitney Avenue
       New Haven, CT 06510
       Tel.: (203) 773.9110
       Fax: (203) 516.2364
       ian@ibjorkman.com

       Raymond D. Thompson (ct27026)
       Richard R. Michaud, (ct17144)
       Michaud-Duffy Group LLP
       306 Industrial Park Road, Suite 206
       Middletown, CT 06457
       Tel: (860) 632-7200
       Fax: (860) 632-8269
       Email: Michaud@michaud-duffy.com

       **Its Attorneys**

**CERTIFICATION**

I hereby certify that on April 29, 2009 a copy of foregoing Memorandum in Support of Motion to Compel was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                /s/ Ian E. Bjorkman
                                                Ian E. Bjorkman