Exhibit 1

## The Parties' Proposed Constructions

|     | Claim Terms | CLC's Constructions[1] | Veto's Constructions |
| --- | --- | --- | --- |
| 1.  | Enclosure | Completely enclosed space | Area for containing workmen tools |
|     | Flat surface | A continuous horizontal surface | Ordinary and common meaning; no further construction necessary |
|     | A bottom member | A tray-shaped member providing structural support for the tool bag | An outer bottom surface of the tool bag |
|     | A central, generally rigid panel-like member | A stiff and inflexible panel-like member situated substantially in the center of the bag | Central: Ordinary and common meaning; no further construction necessary |
|     |     |     | Generally rigid: More rigid than not allowing some degree of flexibility |
|     |     |     | Panel-like member: Ordinary and common meaning; no further construction necessary |
|     | Having a handle | A handle formed by an opening in the central panel | Ordinary and common meaning; no further construction necessary |
| 23. | Frame member | Same meaning as "panel-like member" in claim 1 | A structure that gives shape or support |

[1] CLC has simplified some of its preliminary constructions to remove redundancies.  Although the constructions are unchanged in substance, some are not identical in form to the constructions that appear in CLC's preliminary claim chart that Veto attached as Exhibit 2 to its Markman brief.

Exhibit 2

US006126003A

# United States Patent [19]

## Brouard

[11] **Patent Number:** **6,126,003**

[45] **Date of Patent:** **Oct. 3, 2000**

[54] **TOOL BAG**

[76] Inventor: **Roger H. Brouard**, 34 Fairmead Rd., Darien, Conn. 06820

[21] Appl. No.: **09/368,701**

[22] Filed: **Aug. 5, 1999**

[51] **Int. Cl.**[7] ..................................... **B65D 85/00**
[52] **U.S. Cl.** ......................................................... **206/372**
[58] **Field of Search** ...................................... 206/372, 373; 190/109, 111, 112

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D. 360,977 | 8/1995 | Katz . |
| 3,086,572 | 4/1963 | Lubin . |
| 4,550,828 | 11/1985 | Baldwin et al. ...................... 206/373 |
| 4,738,547 | 4/1988 | Brown . |
| 4,773,535 | 9/1988 | Cook . |
| 5,174,447 | 12/1992 | Fleming . |
| 5,423,404 | 6/1995 | Shaw . |
| 5,653,337 | 8/1997 | Cirigliano . |
| 5,797,491 | 8/1998 | Fierek et al. .......................... 206/373 |

### OTHER PUBLICATIONS

Duluth Trading Co., Catalog 97131 Copyright 1997.
Duluth Trading Co., Catalog 98972.
Alta Industries Tradesman Series Catalog.

Plano Drawer Systems Toolboxes Brochure.

Plano Hard Bottoms, Saw Bag and Bucket Holsters Brochure.

*Primary Examiner*—Jacob K. Ackun
*Attorney, Agent, or Firm*—Ware, Fressola, Van der Sluys & Adolphson LLP

[57] **ABSTRACT**

A tool bag comprises a bottom member, central panel member and fabric body portion. The bottom member and central panel member provide a structural support for the fabric body portion. The central panel member has a handle formed thereon enabling the user to easily lift and carry the tool bag. The fabric body portion has a plurality of fabric pocket panels which form pockets for holding workmen tools in a vertical orientation for easy accessibility. The fabric body portion also has a pair of fabric cover panels which enclose the tools within the tool bag. The tools within the tool bag are secured from view, compactly stored in an organized manner and easily carried.

**49 Claims, 10 Drawing Sheets**





*FIG. 1*

Case 3:08-cv-00302-VLB   Document 63-2   Filed 05/13/09   Page 6 of 59



*FIG. 2*



*FIG. 3*



*FIG. 4*



FIG. 5



*FIG. 6*



*FIG. 7*



*FIG. 8*



FIG. 9



FIG. 10



FIG. 11

6,126,003

# 1
# TOOL BAG

## BACKGROUND OF THE INVENTION

### 1. Technical Field

The present invention relates generally to devices for carrying and storing tools and the like. More particularly, it relates to a fabric bag in which workmen tools are easily organized, carried and accessed.

### 2. Description of the Background Art

There are presently a variety of hand-tool carrying devices on the market. Some companies offer hard plastic tool boxes that have a hinged top and a small removable tray that lifts out to reveal the inner confines of the box for bulk tool storage. Some have small mounted drawers either in the top or the bottom for smaller tools or loose fasteners. These plastic tool boxes store tools horizontally in a manner whereby they usually end up in a disorganized mass in the bulk tool storage area making selection and accessing of the tools somewhat difficult leading to frustration and sometimes injury. Since these boxes are made of hard plastic or rubber, they often do not conform to unique storage situations in real life trade applications. For a tradesman, storage in a vehicle is critical and sometimes a specific space for a rectangular hard box is not available. Some pick-up trucks have storage space behind the seats that do not lend itself to a rectangular box shape. Additionally, the surface of these boxes is slick and the boxes will quickly slide around if not properly wedged or packed tightly for security.

Another product recently introduced on the market is a "soft" or synthetic fabric bag which is available in different sizes and configurations. Some of these are very similar to a doctor's bag with a zippered opening providing access to an inside cavity where tools lay horizontally. There are some inner pockets but access thereto can be restricted by a full tool load. Outer pockets are provided for small or short tools. These synthetic fabric bags offer an improvement to the plastic boxes as they help protect tools and allow for better and more secure storage of the tools. But the horizontal tool storage layout still presents a problem. Furthermore, the small inaccessible pockets on the inside and small pockets on the outside make these bags somewhat inadequate for hand-tool storage.

Another soft tool storage bag is the "Bucket Boss", which is a bag designed to fit over and inside an empty 5-gallon plastic bucket. It has a variety of pockets on the inside and also on the outside. The bucket is the frame and support for this particular tool bag and there are several variations of this theme. Portable Products (5200 Quincy Street, St. Paul, Minn. 55112-1426) manufactures an assortment of these bags relegated to specific functions. One recent product is the "Bucket Boss 56" which has 56 pockets to store various tools. The "Bucket Boss" configuration is an improvement in that it holds tools vertically with many pockets for different size tools. Selection and accessing of the tools is adequate but once such a tool bag is installed in a bucket and loaded with tools, they are difficult to store or stowaway behind a seat or in the back of a truck. The tools are exposed and often get caught on other objects and are sometimes inadvertently pulled out. If the bucket tips over, everything stored therein can spill out.

## SUMMARY OF THE INVENTION

It is an object of the present invention to provide a novel tool bag which overcomes the drawbacks of the commercially available tool bags and boxes.

# 2

It is also an object to provide such a tool bag which has a central panel with a handle at its top that allows the tool bag to be easily carried.

Still another object is to provide such a tool bag in which the central panel is covered by tiered fabric pockets allowing for vertical storage and easy accessibility to the stored tools.

A further object is to provide such a tool bag which may be readily and economically fabricated and will enjoy a long life in operation.

It has now been found that the foregoing and related objects can be readily attained in a tool bag for holding, manually transporting and providing easy accessibility to a plurality of workmen tools by a user. The tool bag has a bottom member which defines a flat surface upon which the tool bag can be rested. A central generally rigid panel-like or frame member is centrally located on and attached to the bottom member so as to extend substantially normal thereto and has a handle to be gripped by the user. A fabric body portion is attached to the bottom member and central panel-like member to thereby form at least one enclosure for the workmen tools. The fabric body member is made at least in part from a flexible material chosen from the group consisting of canvas, vinyl, leather, cloth and combinations thereof.

Desirably, the bottom member is a plastic tray to which the central panel-like member and the fabric body member are attached. The central panel-like member can also be made of a plastic material with a rib along at least a part of its periphery. The bottom member can have a pair of centrally located, opposed walls forming a groove dimensionally sized to receive a lower end of the central panel-like member.

According to the invention, the central panel-like member has an opening defined therein adjacent an upper end thereof to form the handle. An ergonomically designed, molded soft rubber-like grip is formed through and adjacent the opening to provide comfort to the user and protection if the tool bag is hung on a hook or door knob.

In still another feature, the fabric body portion is attached to the bottom member along a periphery thereof by stitching and includes a plurality of fabric pocket panels creating pockets adapted to contain assorted workmen tools. The pockets created by the fabric pocket panels are tiered allowing for long tools to be stored in deep pockets formed by a first fabric pocket panel and smaller tools to be stored in pockets formed by the remaining fabric pocket panels. The fabric pocket panels are attached to at least one main fabric panel which is attached to the central panel-like member. The fabric body portion can also include a plurality of dividers creating pockets along the bottom member adapted to contain assorted workmen tools.

Conveniently, the fabric body member includes two cover panels on each side of the central panel-like member so as to provide access to the at least one enclosure for the workmen tools. The cover panels each having a zipper closure member attached thereto.

The invention will be fully understood when reference is made to the following detailed description taken in conjunction with the accompanying drawings.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a perspective view of the invention;

FIG. 2 is a side view of the invention;

FIG. 3 is a top view of the invention;

FIG. 4 is a bottom view of the invention;

FIG. 5 is an end view of the invention;

6,126,003

3

FIG. **6** is a perspective view of the invention in an open position;

FIG. **7** is a perspective view of the central panel member and bottom member;

FIG. **8** is a cross-sectional view of the invention along the **8—8** line of FIG. **9**;

FIG. **9** is a cross-sectional view of the invention along the **9—9** line of FIG. **8**;

FIG. **10** is a perspective view of a second embodiment of the invention in a closed position; and

FIG. **11** is a perspective view of a third embodiment of the invention in a closed position.

## DETAILED DESCRIPTION OF THE INVENTION

With particular reference to FIGS. **1–9**, therein is illustrated a tool bag generally designated by the numeral **10** and made in accordance with the present invention. The tool bag **10** comprises a substantially rectangular bottom member **12** having a central panel or frame member **14** extending substantially normal thereto and a fabric body portion generally designated by the numeral **16**.

As seen in FIGS. **7** and **8**, the bottom member **12** is formed in the shape of a tray with a pair of centrally located, opposed U-shaped walls **18, 20** forming a groove dimensionally sized to receive the lower end of the central panel member **14**. Preferably, the bottom member **12** and central panel member **14** are both constructed of a suitable relatively rigid, impact resistant plastic material. The central panel member **14** is secured to the bottom member **12** in the groove formed by the opposed U-shaped walls **18, 20** by means of adhesive, sonic welding or other suitable means thereby forming the sturdy structural frame for the tool bag **10**. Instead of being formed in two parts which are secured together, the bottom member **12** and central panel member **14** could also be integrally formed by injection molding and thus formed would not need the U-shaped walls **18, 20**.

As also seen in FIG. **7**, the central panel member **14** is curved at its upper portion and has an enlarged rib **22** along its periphery to provide further structural rigidity thereto. The central panel member **14** has an opening **24** defining a handle through which the hand of the user can be inserted. The opening **24** also has an enlarged rib **26**. An ergonomically styled, soft molded rubber grip **28** is formed through and adjacent the opening **24** to provide comfort to the user and protection if the tool bag **10** is hung on a hook or door knob.

Turning now to FIGS. **8** and **9**, the fabric body portion **16** is designed to be attached to the bottom member **12** and central panel member **14**. It should be understood that the term "fabric" as used in conjunction with the fabric body portion **16** and any of its components can be any suitable natural or synthetic flexible material such as canvas, vinyl, leather, cloth or combinations thereof. The fabric body portion **16** on each side of the central panel member **14** is identical so its design and construction will be explained with reference to only one side of the central panel member **14**. The fabric body portion **16** has a main fabric panel **30** which extends down a side of the central panel member **14**, along the inside of the bottom member **12** and upwards to form a lowermost pocket **32**. A fabric finishing strip **34** is sewn to a lower edge of the main fabric panel **30** to provide a finished look and long wearing construction thereto. First, second and third fabric pocket panels **36, 38, 40** are stitched to the main fabric panel **30** in an undulating fashion (see

FIG. **9**) so as to create pockets adapted to contain assorted workmen tools. The main fabric panel **30** and first, second and third fabric pocket panels **36, 38, 40** are stitched to the bottom member **12** as shown by reference numeral **42** and are provided with fabric finishing strips **44** at their upper edges.

It should be noted that the pockets created by the first, second and third fabric pocket panels **36, 38, 40** are tiered allowing for long tools (e.g. chisels, screwdrivers) to be stored in the deep pockets formed by the first fabric pocket panel **36** and smaller tools to be stored in the pockets formed by the second and third fabric pocket panels **38, 40**. The tiered configuration of the pockets allows the tools to be stored vertically for easy accessibility. Referring to FIGS. **6, 8** and **9**, it should also be noted that three fabric dividers **46** are secured between the main fabric panel **30** and third fabric pocket panel **40** to divide the lowermost pocket **32** adjacent the bottom member **12**. Each of the dividers **46** has a fabric finishing strip **48** along the top thereof.

As seen clearly in FIGS. **1** and **8**, the top of the main fabric panel **30** has a woven nylon fabric tape **50** therealong. Both the main fabric panel **30** and the woven nylon fabric tape **50** are secured to the central panel member **14** by a plurality of pop rivets **52** but the skilled artisan will appreciate that other suitable attachment means can also be used. An additional woven nylon fabric tape **54** is stitched to the main fabric panel **30** just above the first fabric pocket panel **36** for decorative purposes.

Extending upwardly from and surrounding the bottom member **12** is a bottom fabric portion **56** of the fabric body portion **16**. The bottom fabric portion **56** is attached to the periphery of the bottom member **12** by stitching **58** (FIG. **8**) which also secures the main fabric panel **30** to the bottom member **12**. At the top of the bottom fabric portion **56**, the main fabric panel **30** and bottom fabric portion **56** along with fabric finishing strip **60**, woven nylon fabric tape **62**, fabric cover panel **64** and lower fabric outer panel **66** are all secured to one another by stitching **68**. Utilizing stitching **70**, the remaining periphery of the fabric cover panel **64** has a zipper closure member **72** and fabric finishing strip **74** attached thereto. As can be best seen in FIGS. **1, 7** and **8**, the stitching **70** also secures an upper fabric outer panel **76** and two woven nylon fabric tapes **78, 80** which cooperate with the lower fabric outer panel **66** and a zipper closure member **82** to form an outer accessible pocket centrally located on the fabric cover panel **64**.

As seen most clearly in FIGS. **1, 3** and **8**, the fabric body portion **16** is also defined by an elongated, tapering fabric strip portion **84** which is attached by stitching **86, 88** to the main fabric panel **30** and the zipper closure member **72**. A fabric finishing strip **90** is also secured by the stitching **88** to the edge of the elongated, tapering fabric strip **84**. Attached to the elongated, tapering fabric strip **84** at the ends of the tool bag **10** adjacent the central panel member **14** by means of woven nylon fabric tape **92** are metal loops **94** for securing a detachable carrying strap (not shown) in a well known manner.

In use, the user of the tool bag **10** of the present invention can open the two fabric cover panels **64** by unzipping the zipper closure members **72** thereby providing access to the interior of the tool bag as seen in FIG. **6**. Once opened, the various pockets formed by the first, second and third fabric pocket panels **36, 38, 40** and the dividers **46** can be loaded with tools. The tiered configuration of the pockets allows the tools to be stored vertically for easy accessibility. Tools and other smaller items can be also stored in the outer accessible

6,126,003

5

pockets centrally located on the fabric cover panels **64**. These outer accessible pockets are entered by use of the zipper closure members **82**. Once the tool bag **10** is loaded, the fabric cover panels **64** can be returned to their closed position using the zipper closure members **72** (see FIG. 1). In this closed position, the tools are full enclosed in the tool bag **10** so the tools will not come out of the tool bag **10** during carrying and transport or in the event the tool bag **10** is accidently knocked over once it is laid to rest. The central panel member **14** helps balance the load of tools whereby the tool bag **10** can be easily carried by the user.

Turning now to FIG. **10**, the second embodiment of the invention generally indicated by the reference numeral **10A** is essentially identical to the embodiment shown in FIGS. **1**–**9** except the relative height and length dimensions are slightly different so tool bag **10A** can hold longer tools such as saws and levels. To accommodate the longer tools in the second embodiment, it is desirable not to include the dividers **46** (FIGS. **6**, **8** and **9**) so the longer tools can be stored within the lowermost pocket **32**. It should be noted that metal loops for the carrying are also not included in the second embodiment.

In FIG. **11**, the third embodiment of the invention generally indicated by the reference numeral **10B** is essentially identical to the second embodiment of FIG. **10** but does not include the outer accessible pockets on the fabric cover panels.

Thus, it can be seen from the foregoing specification and attached drawings that the tool bag of the present invention provides an effective means for carrying and accessing workmen tools therein. The materials used in the present invention are very durable and, therefore, the tool bag will function adequately for a very long period of time.

It is believed that the many advantages of this invention will now be apparent to those skilled in the art. It will also be apparent that a number of variations and modifications may be made therein without departing from its spirit and scope. Accordingly, the foregoing description is to be construed as illustrative only, rather than limiting. This invention is limited only by the scope of the following claims.

Having thus described the invention, what is claimed is:

**1**. A tool bag for holding, manually transporting and providing easy accessibility to a plurality of workmen tools by a user, the tool bag comprising:

a bottom member, said bottom member defining a flat surface upon which the tool bag can be rested;

a central, generally rigid panel-like member extending substantially normal to said bottom member and having a handle to be gripped by the user; and

a fabric body portion attached to said central, generally rigid panel-like member and thereby forming at least one enclosure for the workmen tools.

**2**. The tool bag of claim **1**, wherein said bottom member comprises a plastic tray to which said central panel-like member and said fabric body member are attached.

**3**. The tool bag of claim **2**, wherein said bottom member has a pair of centrally located, opposed walls forming a groove dimensionally sized to receive a lower end of the central, generally rigid panel-like member.

**4**. The tool bag of claim **2**, wherein said fabric body member is attached to said bottom member by stitching.

**5**. The tool bag of claim **1**, wherein said bottom member and central, generally rigid panel-like member are both made of a plastic material.

**6**. The tool bag of claim **1**, wherein said central, generally rigid panel-like member is attached to said bottom member to extend substantially normal thereto.

6

**7**. The tool bag of claim **1**, wherein said central, generally rigid panel-like member is made of a plastic material.

**8**. The tool bag of claim **1**, wherein said central, generally rigid panel-like member has an opening defined therein adjacent an upper end thereof to form said handle.

**9**. The tool bag of claim **8**, wherein a grip is formed through and adjacent the opening to provide comfort to the user and protection if the tool bag is hung on a hook or door knob.

**10**. The tool bag of claim **9**, wherein said grip is a ergonomically designed, molded soft rubber-like grip.

**11**. The tool bag of claim **1**, wherein said central, generally rigid panel-like member has a rib along at least a part of its periphery.

**12**. The tool bag of claim **1**, wherein said fabric body portion includes a plurality of fabric pocket panels creating pockets adapted to contain assorted workmen tools.

**13**. The tool bag of claim **12**, wherein said pockets created by said fabric pocket panels are tiered allowing for long tools to be stored in deep pockets formed by a first fabric pocket panel and smaller tools to be stored in pockets formed by the remaining fabric pocket panels.

**14**. The tool bag of claim **12**, wherein said fabric pocket panels are attached to at least one main fabric panel which is attached to said central, generally rigid panel-like member.

**15**. The tool bag of claim **12**, wherein said fabric body portion includes a plurality of dividers creating pockets along said bottom member adapted to contain assorted workmen tools.

**16**. The tool bag of claim **1**, wherein said fabric body portion includes a plurality of dividers creating pockets along said bottom member adapted to contain assorted workmen tools.

**17**. The tool bag of claim **1**, wherein said fabric body member is attached to said bottom member along a periphery thereof.

**18**. The tool bag of claim **17**, wherein said fabric body member is attached to said bottom member by stitching.

**19**. The tool bag of claim **18**, wherein said fabric body member includes at least one cover panel having a closure attached thereto, said at least one cover panel providing access to said at least one enclosure for the workmen tools.

**20**. The tool bag of claim **19**, wherein each said closure is a zipper closure member.

**21**. The tool bag of claim **20**, wherein said fabric body member includes a cover panel on each side of said central, generally rigid panel-like member, said cover panels providing access to said at least one enclosure for the workmen tools.

**22**. The bag of claim **1**, wherein said fabric body member is made at least in part from a flexible material chosen from the group consisting of canvas, vinyl, leather, cloth and combinations thereof.

**23**. A bag for providing easy manual transport thereof by a user, the bag comprising:

a bottom member, said bottom member defining a flat surface upon which the bag can be rested;

a central generally rigid frame member centrally located on and attached to said bottom member so as to extend substantially normal to said bottom member and having a handle to be gripped by the user; and

a fabric body portion attached to said bottom member and said central generally rigid frame member thereby forming at least one enclosure.

**24**. The bag of claim **23**, wherein said bottom member comprises a plastic tray to which said central generally rigid frame member and said fabric body member are attached.

6,126,003

7

**25**. The bag of claim **24**, wherein said bottom member has a pair of centrally located, opposed walls forming a groove dimensionally sized to receive a lower end of the central generally rigid frame member.

**26**. The bag of claim **25**, wherein said fabric body member is attached to said bottom member by stitching.

**27**. The bag of claim **23**, wherein said bottom member and central generally rigid frame member are both made of a plastic material.

**28**. The bag of claim **23**, wherein said central generally rigid frame member is made of a plastic material.

**29**. The bag of claim **23**, wherein said central generally rigid frame member has an opening defined therein adjacent an upper end thereof to form said handle.

**30**. The bag of claim **29**, wherein a grip is formed through and adjacent the opening to provide comfort to the user and protection if the bag is hung on a hook or door knob.

**31**. The bag of claim **30**, wherein said grip is a ergonomically designed, molded soft rubber-like grip.

**32**. The bag of claim **23**, wherein said central generally rigid frame member has a rib along at least a part of its periphery.

**33**. The bag of claim **23**, wherein said fabric body portion includes a plurality of fabric pocket panels creating pockets.

**34**. The bag of claim **33**, wherein said pockets created by said fabric pocket panels are tiered forming deep pockets by a =first fabric pocket panel and smaller pockets by the remaining fabric pocket panels.

**35**. The bag of claim **33**, wherein said fabric pocket panels are attached to at least one main fabric panel which is attached to said central generally rigid frame member.

**36**. The bag of claim **33**, wherein said fabric body portion includes a plurality of dividers creating pockets along said bottom member.

**37**. The bag of claim **23**, wherein said fabric body portion includes a plurality of dividers creating pockets along said bottom member.

**38**. The bag of claim **23**, wherein said fabric body member is attached to said bottom member along a periphery thereof.

**39**. The bag of claim **38**, wherein said fabric body member is attached to said bottom member by stitching.

8

**40**. The bag of claim **23**, wherein said fabric body member includes at least one cover panel having a closure attached thereto, said at least one cover panel providing access to said at least one enclosure.

**41**. The bag of claim **40**, wherein each said closure is a zipper closure member.

**42**. The bag of claim **23**, wherein said fabric body member includes a cover panel on each side of said central generally rigid frame member, said cover panels providing access to said at least one enclosure.

**43**. The bag of claim **23**, wherein said fabric body member is made at least in part from a flexible material chosen from the group consisting of canvas, vinyl, leather, cloth and combinations thereof.

**44**. The tool bag of claim **1**, wherein said central, generally rigid panel-like member has an upper end forming said handle.

**45**. The tool bag of claim **44**, wherein said fabric body portion is attached to said central, generally rigid panel-like member across said upper end thereof adjacent said handle and extends downwardly therefrom to join said bottom member.

**46**. The tool bag of claim **1**, wherein said fabric body portion is attached to said central, generally rigid panel-like member across an upper end thereof adjacent said handle and extends downwardly therefrom to join said bottom member.

**47**. The tool bag of claim **23**, wherein said central generally rigid frame member has an upper end forming said handle.

**48**. The tool bag of claim **47**, wherein said fabric body portion is attached to said central generally rigid frame member across said upper end thereof adjacent said handle and extends downwardly therefrom to join said bottom member.

**49**. The tool bag of claim **23**, wherein said fabric body portion is attached to said central generally rigid frame member across an upper end thereof adjacent said handle and extends downwardly therefrom to join said bottom member.

*   *   *   *   *

Exhibit 3



PATENT
Attorney Docket
No. 800-106-2

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In the matter of:    Roger Brouard

Serial No.:       09/368,701

Filed:            August 5, 1999

For:              TOOL BAG

Examiner:         J. Ackun

Art Unit:         3728

Assistant Commissioner for Patents
Washington, DC   20231

### AMENDMENT IN RESPONSE TO PAPER NO. 3

Sir:

In response to the Office Action dated February 10, 2000,

please amend the application as follows:

I hereby certify that this paper (along
with any paper referred to as being
attached or enclosed) is being deposited
with the United States Postal Service
on the date shown below with sufficient
postage as first class mail in an envelope
addressed to: Assistant Commissioner for
Patents, Washington, D.C. 20231.

Janet Gaffney              3/30/00
Janet Gaffney              Date

04/05/2000 SLUAH6   00000023 0368701   54.00 OP
01 FC:203

Serial No. 09/368,701

<u>In the claims</u>:

Amend the claims as follows:

In claim 1, lines 6 and 9; claims 3 and 14, line 3; claims 5 and 21, line 2; and claims 6, 7, 8, and 11, line 1, before "panel-like", insert --, generally rigid--.

Add the following new claims:

44. (New)  The tool bag of claim 1, wherein said central, generally rigid panel-like member has an upper end forming said handle.

45.  (New)  The tool bag of claim 44, wherein said fabric body portion is attached to said central, generally rigid panel-like member across said upper end thereof adjacent said handle and extends downwardly therefrom to join said bottom member.

46.  (New)  The tool bag of claim 1, wherein said fabric body portion is attached to said central, generally rigid panel-like member across an upper end thereof adjacent said handle and extends downwardly therefrom to join said bottom member.

-2-



Serial No. 09/368,701

47. (New)  The tool bag of claim 23, wherein said central generally rigid frame member has an upper end forming said handle.

48. (New)  The tool bag of claim 47, wherein said fabric body portion is attached to said central generally rigid frame member across said upper end thereof adjacent said handle and extends downwardly therefrom to join said bottom member.

49. (New)  The tool bag of claim 23, wherein said fabric body portion is attached to said central generally rigid frame member across an upper end thereof adjacent said handle and extends downwardly therefrom to join said bottom member.

## REMARKS

The Office Action dated February 10, 2000 has been received and its contents carefully noted.  In response thereto, applicant has amended claim 1 and added new dependent claims 44-49 in an effort to place the application in condition for allowance. Reconsideration of the rejection of claims 1-43 is respectfully requested in view of the foregoing amendments and the following remarks.

-3-



Serial No. 09/368,701

### Drawings

Applicant notes the Form PTO-948 regarding the drawings. When allowable subject matter is indicated, applicant will submit formal drawings to obviate the objections.

### Claim Rejection - 35 U.S.C. § 102

Turning now to the rejection under 35 U.S.C. § 102, claims 1-43 have been rejected as being completely shown by Fierek et al. (U.S. Patent No. 5,797,491). Applicant respectfully disagrees with this rejection for the following cogent reasons.

To further distinguish the present invention from Fierek et al., independent claim 1 has been amended to indicate that the central panel-like member is "generally rigid". Additionally, new dependent claims 44-49 have been added which further define the position of the handle and the attachment of the fabric body portion. As will be explained further hereinafter, the present invention is indeed unique and constitutes an important distinction in the art as compared to the Fierek et al. patent.

The Fierek et al. patent is directed to the PARACHUTE BAG PRO sold by Duluth Trading Company. Applicant is familiar with

-4-



Serial No. 09/368,701

this product as he uses it in his carpentry business and it was disclosed in the Duluth catalogs submitted with the Information Disclosure Statement.  The "tool carrier-organizer" shown in the patent is designed for carrying small parts in six separate interior compartments and tools in outside pockets.  While the product does have a central panel 34, the device is entirely made from a fabric material and is designed so the pull strings 90 will cinch the top of the device closed in a manner shown on the front cover (Exhibit A) of Duluth Catalog No. 98972 so it does not have a generally rigid centrally located panel-like or frame member 14 as found in the present invention.  The central panel 34 of the Fierek et al. patent simply could not be rigid since it is designed to be cinched up to close the compartments.  Thus, Fierek et al.'s development to include a completely fabric bag with a cinch-up closing feature is completely the opposite principle from the present invention where the central panel/frame member 14 is secured to the bottom member 12 to provide a sturdy structural frame for applicant's tool bag 10 (see page 6, second paragraph of the present application) and closure of applicant's tool bag 10 is accomplished by cover panels 64.  The generally rigid centrally located panel/frame member 14 of applicant's invention also has the advantage of having a handle 28 which centers the load of applicant's tool bag making it easier to carry and handle.

-5-



Serial No. 09/368,701

In addition, tools being carried in applicant's tool bag are not located in pockets on the outside thereof as found in the product of the Fierek et al. patent where they are prone to fall out and cause damage.  Instead, the tools are contained on the interior of applicant's tool bag by the multi-tiered pockets panels 36, 38, 40 where the tools are concealed but also are readily accessible.  Therefore, it should be readily apparent that the present invention is distinguishable from the product shown in the Fierek et al. patent.

With regard to the features of applicant's dependent claims, the Fierek et al. patent certainly does not have many of the details set forth in the dependent claims such as the bottom plastic tray, the central frame member made from plastic and the closure panels.  Accordingly, in view of the many differences between the claimed invention and the Fierek et al. patent, it is respectfully submitted that the Examiner's reliance on the patent is not properly grounded and the rejection based thereon should be withdrawn.

In sum, it is submitted that the present invention as claimed is readily distinguishable from the Fierek et al. patent for the reasons indicated.  Applicant's invention is not disclosed by the Fierek et al. patent and there is no fair basis

-6-



Serial No. 09/368,701

for alleging that applicant's invention is obvious in regard to the Fierek et al. patent.  If the invention was obvious, it would have been adopted before in view of its advantages.

### Conclusion

In view of the foregoing amendments and remarks, it is respectfully submitted that all the claims are allowable and early favorable action is earnestly solicited.  The Examiner is invited to call applicant's attorney if any questions remain following review of this response.

Respectfully submitted,

Dated: 3/30/2000

By _K. B. Ahlpl_____
K. Bradford Adolphson
Registration No. 30,927
Attorney for Applicant

WARE, FRESSOLA, VAN DER SLUYS
    & ADOLPHSON LLP
Bradford Green, Building Five
755 Main Street, P.O. Box 224
Monroe, Connecticut  06468
Telephone: (203) 261-1234

-7-

Exhibit 4

3728



I hereby certify that this correspondence is being deposited with the
United States Postal Service as first class mail in an envelope addressed to:
Commissioner for Patents, Alexandria, VA 22313-1450 on the date
indicated below.

_____Christine Spare_____
Name of Person Mailing Paper or Fee

_Christine Spare_____  ____April 6, 2004____
Signature                     Date of Signature

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

|  |  |
|---|---|
| In the Application of: | ) |
|  | ) |
| Roger H. Brouard | ) Examiner: Luan K. Bui |
|  | ) |
| for:    TOOL BAG | ) Art Unit: 3728 |
|  | ) |
|  | ) |
| Serial No.: 10/263,277 | ) |
|  | ) |
| Filed:  October 2, 2002 | ) Atty. Docket No. 6818-03 |
|  | ) |

Hartford, Connecticut, April 6, 2004

Mail Stop Non-Fee Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

RECEIVED
APR 1 4 2004
TECHNOLOGY CENTER H3700

## RESPONSE TO OFFICE ACTION

S I R:

In response to the Office Action dated January 6, 2004, please amend the
above-identified application as follows:

1

## AMENDMENTS TO THE CLAIMS

1.      (Currently amended)  A tool bag comprising:

a bag body defining an interior area;

a central panel coupled to said bag body bifurcating said interior area;

a <u>substantially rigid</u> tool deflector attached to said central panel;

at least one tool pocket coupled to and defined in-part by said tool deflector;

a handle attached to said bag body is movable between an upstanding position when said handle is gripped by a user and a normal position wherein said handle overlies said tool bag when not gripped by a user; and wherein

said substantially rigid tool deflector is positioned to prevent edges defined by a tool from damaging said bag body when said tool is placed in or removed from said tool pocket.


2.      (Original)  A tool bag as defined in claim 1 wherein said bag body defines an opening in each of said bifurcated interior areas providing access thereto.


3.      (Original)  A tool bag as defined in claim 2 wherein a zipper is attached to the bag body at each of said openings providing a closure therefor.


4.      (Original)  A tool bag as defined in claim 2 wherein said openings are disposed at a periphery of said bag body.

2

5.      (Original)  A tool bag as defined in claim 1 wherein said at least one tool pocket further comprises a plurality of tool pockets arranged in rows wherein a first row of tool pockets is coupled to and defined in-part by said tool deflector and each successive row of tool pockets is defined in-part by a preceding row of tool pockets.

6.      (Original)  A tool bag as defined in claim 5 wherein said rows of tool pockets are graduated in height such that the tool pockets in each of said rows have a height greater than the tool pockets in a successive row.

7.      (Original)  A tool bag as defined in claim 1 wherein said bag body further comprises a pair of generally opposed end portions wherein at least one tool pocket is coupled to and defined in-part by one of said end portions.

8.      (Original)  A tool bag as defined in claim 1 wherein said bag body further comprises a bottom member having a substantially flat bottom surface.

9.      (Original)  A tool bag as defined in claim 8 wherein said bottom member is substantially rigid.

10.     (Original)  A tool bag as defined in claim 9 wherein said bottom member further comprises upstanding sidewalls forming a tray.

11.     (Original)  A tool bag as defined in claim 8 wherein said bottom member defines a drain opening.

3

12.    (Original)  A tool bag as defined in claim 8 wherein said bottom member defines a frangible area providing an optional drain opening for said interior area.

13.    (Original)  A tool bag as defined in claim 2 wherein said bag body in an open position defines a flap.

14.    (Original)  A tool bag as defined in claim 13 wherein said flap further comprises at least one pair of cooperating fasteners such that said pair of fasteners attach one to the other for retaining said flap.

15.    (Original)  A tool bag as defined in claim 14 wherein said flap is foldable and said at least one pair of cooperating fasteners are disposed such that said flap is retainable in a folded position via said fasteners.

16.    (Original)  A tool bag as defined in claim 13 wherein said flap further comprises at least one tool pocket coupled to and defined in-part by said flap.

17.    (Original)  A tool bag as defined claim 1 wherein said bag body further comprises at least one coupler member for attaching an article thereto.

18.    (Original)  A tool bag as defined in claim 1 wherein said bag body further comprises a shoulder strap for carrying said tool bag.

19.    (Original)  A tool bag as defined in claim 1 wherein said bag body further comprises a pocket extending from a top surface thereof, said pocket being adapted to receive a portion of said handle.

4

20.    (Original)  A tool bag as defined in claim 1 wherein said tool deflector includes a hard surface for protecting said central panel from damage during insertion or removal of tools from said tool pocket.


21.    (Original)  A tool bag as defined in claim 1 wherein said central panel includes a substantially rigid support member coupled thereto for supporting said bag body.

## REMARKS

Claims 1-21 are pending in the above-referenced patent application and have been rejected by the Examiner.  Claim 1 is amended herein.

Claims 1-21 have been rejected under 35 U.S.C. § 112 second paragraph, as allegedly being indefinite.

Claim 1 is amended herein to properly introduce the "said substantially rigid tool deflector" recited in the claim, thereby obviating the rejection under 35 U.S.C. § 112.

Claims 1-10 and 13-21 are rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Patent No. 6,126,003 to Brouard (hereinafter referred to as "Brouard") in view of U.S. Patent No. 5,947,286 to Chau (hereinafter referred to as "Chau").

Brouard is directed to a tool bag having a central panel that defines a handle. The tool bag includes a bottom member formed in the shape of a tray and a central panel or frame member extending generally normal to the bottom member.  A fabric portion is attached to the central panel and forms enclosures for workmen tools.

Chau discloses a carrying case with removable and replaceable interior panels.  The carrying case includes a removable generally rigid interior panel which may include pockets or other suitable means for holding tools and supplies.  Figure 1 of the Chau reference shows handles 22 and 22' attached to the carrying case.

The Examiner has acknowledged that Brouard does not teach or suggest a tool bag having a handle as recited in claim 1 of the instant application.  (See Office Action, ¶ 4, ll. 5-8).  To support the rejection of claim 1 with respect to the handle, the Examiner states that "Chau shows ... a handle attached to the bag body [that] is movable between an upstanding position when the handle is gripped by a user and a normal position wherein the handle overlies the tool bag when not gripped by a user (Figure 1)."  (See Office Action, p. 3, ll. 1-4).

6

Clearly, the Examiner has read into the Chau reference teachings that are not there. Nothing in the written description of the Chau reference teaches or suggests that the handles 22 and 22' attached to side portions 4 and 6 of the carrying case are movable between an upstanding position when the handles are gripped by a user and a normal position wherein the handle overlies the carrying case when not gripped by a user. Claim 1 of the present application includes a limitation wherein the handle when not gripped by a user overlies the tool bag. Nothing in either the Bruard nor Chau references, either alone or in combination, teach or suggest a handle that is movable to a normal position wherein the handle overlies a tool bag when not gripped by a user. Further, nothing in Figure 1 of Chau teaches or suggests that the handles 22 and 22' are movable to a normal position wherein the handles overlie the carrying case when not gripped by a user. Moreover, nothing in Chau teaches or suggests the handles 22 and 22' are even movable with respect to the carrying case.

Therefore, for at least the above-identified reasons, the combination of Chau and Brouard, does not teach or suggest a tool bag having a handle attached to a bag body that is movable between an upstanding position when said handle is gripped by a user and a normal position wherein the handle overlies the tool bag when not gripped by a user as recited in Applicant's claim 1.

To establish a prima facie case of obviousness for a claimed invention, all the claim limitations must be taught or suggested by the prior art. *In re Royka*, 490 F.2d 981, 180 USPQ 580 (CCPA 1974).

Because the combination of Brouard and Chau does not teach a handle attached to a bag body that is movable between an upstanding position when the handle is gripped by a user and a normal position wherein the handle overlies the tool bag when not gripped by a user, the combination does not teach or suggest each and every limitation of claim 1. Therefore, it cannot be maintained that Applicant's claim 1 is obvious under 35 U.S.C. § 103(a) over Brouard in view of Chau.

Claims 2-10 and 13-21 depend from either directly or indirectly from claim 1 and thereby include all of the limitations of claim 1 as well as additional limitations. For at least the reasons set forth above with respect to claim 1, dependent claims 2-10 and 13-21 are likewise deemed nonobvious over Brouard in view of Chau.

Accordingly, for at least the above-identified reasons, the rejection of claims 1-10 and 13-21 under 35 U.S.C. § 103(a) should be withdrawn and this action is respectfully requested.

Claims 11 and 12 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Brouard and Chau as applied to claim 8 and further in view of U.S. Patent No. 5,848,744 to Dischner et al., (hereinafter referred to as "Dischner"). The rejection is traversed as follows.

Claims 11 and 12 depend from claim 8 and thereby include all of the limitations of claim 8 as well as additional limitations. Since claim 8 is not obvious over Brouard in view of Chau, for at least the above-identified reasons, dependent claims 11 and 12 are also not obvious over Brouard in view of Chau as applied to claim 8 and further in view of Dischner. Therefore, the rejection of claims 11 and 12 under 35 U.S.C. § 103(a) should also be withdrawn.

In view of the foregoing, it is believed that claims 1-21 as amended herein are in condition for allowance and such action is earnestly solicited.

Applicant believes that no additional fee is due in connection with this filing. Please charge any deficiency in fee due or any other fee required for this application to Deposit Account No. 13-0235.

Respectfully submitted,

By

Donald J. MacDonald
Attorney for Applicant
Registration No. 42,823

McCormick, Paulding & Huber LLP
CityPlace II, 185 Asylum Street
Hartford, Connecticut 06103-3402
(860) 549-5290

9

Exhibit 5



RCE
3728
Ifw

PTO/SB/30 (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Request For Continued Examination (RCE) Transmittal | Application Number | 10/263,277 |
|---|---|---|
| | Filing Date | October 2, 2002 |
| | First Named Inventor | Roger H. Brouard |
| Address to: Mail Stop RCE Commissioner for Patents P.O. Box 1450 Alexandria, VA 22313-1450 | Art Unit | 3728 |
| | Examiner Name | Luan K. Bui |
| | Attorney Docket Number | 6818-03 |

This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. See Instruction Sheet for RCEs (not to be submitted to the USPTO) on page 2.

1. **Submission required under 37 CFR 1.114** Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

  a. ☐  Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

      i. ☐  Consider the arguments in the Appeal Brief or Rely Brief previously filed on _____

      ii. ☐  Other _____

  b. ☑  Enclosed

      i. ☑  Amendment/Reply     iii. ☐  Information Disclosure Statement (IDS)

      ii. ☐  Affidavit(s)/ Declaration(s)     iv. ☐  Other _____

2. **Miscellaneous**

  a. ☐  Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of _____ months. (Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

  b. ☐  Other _____

3. **Fees** The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.

  a. ☑  The Director is hereby authorized to charge the following fees, or credit any overpayments, to Deposit Account No. 13-0235

      i. ☑  RCE fee required under 37 CFR 1.17(e)

      ii. ☐  Extension of time fee (37 CFR 1.136 and 1.17)

      iii. ☐  Other _____

  b. ☑  Check in the amount of $ 770.00 _____ enclosed

  c. ☐  Payment by credit card (Form PTO-2038 enclosed)

  **WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

**SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED**

| Name (Print/Type) | Richard R/ Michaud | Registration No. (Attorney/Agent) | 40,088 |
|---|---|---|---|
| Signature | | Date | August 6, 2004 |

**CERTIFICATE OF MAILING OR TRANSMISSION**

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Mail Stop RCE, Commissioner for Patents, P. O. Box 1450, Alexandria, VA 22313-1450 or facsimile transmitted to the U.S. Patent and Trademark Office on the date shown below.

| Name (Print/Type) | Ana R. Rivera | | |
|---|---|---|---|
| Signature | | Date | August 6, 2004 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

08/11/2004 HALI11    00000008 10263277

770.00 OP

01 FC:1801



"EXPRESS MAIL" MAILING LABEL
NUMBER_____EV 331997845  US____
DATE OF DEPOSIT___August 6, 2004_____
I HEREBY CERTIFY THAT THIS PAPER OR FEE IS BEING
DEPOSITED WITH THE UNITED STATES POSTAL SERVICE
"EXPRESS MAIL POST OFFICE TO ADDRESSEE" SERVICE UNDER
37 C.F.R. 1.10 ON THE DATE INDICATED ABOVE AND IS
ADDRESSED TO THE COMMISSIONER FOR PATENTS, P.O. BOX
1450, ALEXANDRIA, VA 22313
_____Ana R. Rivera_____
(TYPED NAME OF PERSON MAILING PAPER OR FEE)

_____
(SIGNATURE OF PERSON MAILING PAPER OR FEE)

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In the Application of: | ) |
| | ) |
| Roger H. Brouard | ) Examiner: Luan K. Bui |
| | ) |
| for:   TOOL BAG | ) Art Unit: 3728 |
| | ) |
| Serial No.: 10/263,277 | ) |
| | ) |
| Filed: October 2, 2002 | ) Atty. Docket No. 6818-03 |

Hartford, Connecticut, August 6, 2004

Mail Stop RCE
Commissioner for Patents
P.O. BOX 1450
Alexandria, VA 22313-1450

## RESPONSE TO FINAL OFFICE ACTION

Sir:

In response to the Final Office Action mailed on May 25, 2004, please amend the above-identified application as follows:

**Amendments to the Claims** begin on page 2 of this paper.
**Remarks** begin on page 4 of this paper.

Appl. No. 10/263,277
Amdt. Dated August 6, 2004
Reply to Final Office Action of May 25, 2004

Amendment to the Claims:

Please cancel claims 1-21 and add new claims 22-28 as follows:

1-21.   Canceled

22. (New)    A tool bag comprising:

a bottom portion having a flat surface;

at least one fabric body portion positioned generally centrally in said tool bag and extending from said bottom portion, said at least one fabric body portion being non-removably coupled to said tool bag;

said fabric body portion forming in-part at least one interior area and having one pocket at least partially coupled thereto;

a central, generally rigid panel-like member positioned adjacent to said at least one fabric body portion and extending substantially normal to said bottom portion; and

a handle coupled to a bag body defined by said tool bag.

23. (New)    A tool bag as defined by claim 22 wherein said bag body is coupled to said bottom portion.

24. (New)    A tool bag as defined by claim 22 wherein at least a portion of said bottom portion is substantially rigid.

25. (New)    A tool bag as defined by claim 23 wherein said bag body defines at least two zippers each for at least partially closing said bag body.

26. (New)    A tool bag as defined by claim 22 wherein said fabric body portion bifurcates an interior area defined by said tool bag thereby defining two interior areas, and said bag body defines an opening into each of said interior areas.

Appl. No. 10/263,277
Amdt. Dated August 6, 2004
Reply to Final Office Action of May 25, 2004

     27.  (New)    A tool bag as defined by claim 22 wherein said at least one tool pocket comprises a plurality of tool pockets arranged in rows.

     28.  (New)    A tool bag as defined by claim 26 wherein said bag body is operably openable so that at least one of said interior areas is exposed, and wherein

     said bag body defines at least one flap when is an open position.

Appl. No. 10/263,277
Amdt. Dated August 6, 2004
Reply to Final Office Action of May 25, 2004

## REMARKS

Originally filed claims 1-21 have been canceled, and new claims 22-28 have been added. No new matter has been added via this amendment.

In the Office Action, the Examiner has rejected claims 1-10 and 13-21 under 35 U.S.C. § 103 (a) as being unpatentable over United States Patent No. 6,126,003 to Brouard (hereinafter referred to as the '003 patent) in view of United States Patent No. 5,947,286 to Chau (hereinafter referred to as the '286 patent). Since the original claims have been canceled, the Applicant will address the rejection as though it pertains to newly added claim 22.

The '003 patent is directed to a tool bag having a bottom member, a central panel member and a fabric body portion. The bottom member and the central panel member provide a structural support for the fabric body portion. The central panel member has a handle formed thereon enabling the user to easily lift and carry the tool bag. The fabric body portion has a plurality of fabric pocket panels which form pockets for holding tools in a vertical orientation for easy accessibility. The fabric body portion also has a pair of fabric cover panels which enclose the tools within the tool bag.

Unlike the invention recited in claim 22 of the instant patent application, the '003 reference doe not teach or suggest "a handle coupled to a bag body defined by said tool bag." Instead, the '003 reference teaches, and claims, that the central panel member includes a handle formed thereon. As such, the '003 reference teaches away from the present invention and cannot form the basis for a section 103 rejection.

The '286 patent is directed to a carrying case with removable and replaceable interior panels in which structure is provided in the case for releasably retaining the interior panels within the case. At column 2, lines 54-56, the '286 patent discloses in pertinent part, "there is provided within the carrying case at least one generally rigid removable interior panel, indicated by reference numeral 24 . . ." Further, at column 3, lines 24-26, the '286 patent recites "To releasably retain the removable interior panel in place within the channel portions, there is also provided a resiliently biased retainer." Furthermore, at column 4, lines 6-11, the '286 patent discloses "As indicated by the dashed lines in FIG. 1, the removable interior panel 24

Appl. No. 10/263,277
Amdt. Dated August 6, 2004
Reply to Final Office Action of May 25, 2004

may be inserted and retained within the carrying case 2 by . . ." Moreover, FIG. 1 of the '286 patent shows the removable panels as also defining a plurality of pockets.

Accordingly, and unlike the invention recited in claim 22 of the instant patent application, the '286 patent requires a releasably retained, removable interior panel. Claim 22, on the other hand recites "at least one fabric body portion positioned generally centrally in said tool bag and extending from said bottom portion, said at least one fabric body portion being ***non-removably*** coupled to said tool bag" (emphasis ours). The fact that the instant application claims that the fabric body portion (which is akin to the removable interior panel of the '286 patent) is non-removably coupled to the tool bag, indicates that the '286 patent teaches directly away from the invention recited in claim 22. Where, as is the case here, a reference teaches away from the invention claimed, it cannot form the basis for a section 103 rejection. Reconsideration is respectfully requested.

For at least the reasons set forth above, Applicant respectfully submits that the applied references teach away from the invention recited in claim 22 of the present application, and therefore claim 22 is in condition for allowance. An early action to that effect is earnestly solicited. In addition, since the remaining claims in the application all ultimately depend from claim 22, these claims are also allowable.

Should any matter remain unresolved, Applicant requests that the Examiner contact the Applicant's representative at the number listed below.

Submitted herewith is also a Request for Continued Examination (RCE) together with the required fees under 37 CFR 1.17(e), please charge any deficiencies in fees to our deposit account 13-0235.

Respectfully submitted,

By _____

Richard R. Michaud
Registration No. 40,088
Attorney for Applicant

McCormick, Paulding & Huber LLP
CityPlace II
185 Asylum Street
Hartford, Connecticut 06103-3402
(860) 549-5290

Exhibit 6

NOV-23-04    14:38    FROM-McCormick, Paulding, & Huber    +860 527 0464    T-855    P.001/006    F-489

RECEIVED
CENTRAL FAX CENTER

NOV 2 3 2004

CERTIFICATE OF FACSIMILE TRANSMISSION

I hereby verify that this correspondence is being transmitted by facsimile to The United
States Patent and Trademark Office on the date indicated below, to the following facsimile
number (703) 872-9306.

Christine Rounds
Name of Person Transmitting Facsimile

Signature of Person Transmitting Facsimile

November 23, 2004
(Date)

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In the Application of: | ) |
| | ) |
| Roger H. Brouard | ) Examiner: Luan K. Bui |
| | ) |
| for:    TOOL BAG | ) Art Unit: 3728 |
| | ) |
| Serial No.: 10/263,277 | ) |
| | ) |
| Filed: October 2, 2002 | ) Atty. Docket No. 6818-0003 |

Hartford, Connecticut, November 23, 2004

Mail Stop Amendment
Commissioner for Patents
P. O. Box 1450
Alexandria, VA 22313-1450

## RESPONSE TO OFFICE ACTION

Sir:

In response to the Office Action mailed on August 24, 2004, please amend the
above-identified application as follows:

Amendments to the claims begin on page 2.

Remarks begin on page 4.

*Appln. No.: 10/263,277*
*Amdt. dated: 11/23/04*
*Reply to Office Action of 08/24/04*

**In the Claims:**

Claims 1-21  (Cancelled)

22.  (Currently Amended)  A tool bag comprising:

a bottom portion having a flat surface;

a bag body extending from a periphery of the bottom portion, the bag body including at least one fabric body portion positioned generally centrally ~~in said tool bag of~~ and extending from said bottom portion, said at least one fabric body portion being non-removably coupled to said ~~tool bag~~ bottom portion;

said fabric body portion forming in-part at least one interior area, and having one pocket at least partially coupled thereto;

said bag body further including a central,  generally rigid panel-like member positioned adjacent to said at least one fabric body portion and extending substantially normal to said bottom portion; and

a handle pivotally coupled to ~~a~~ said bag body ~~defined by said tool bag~~.

23.  (Previously Presented) A tool bag as defined by claim 22 wherein said bag body is coupled to said bottom portion.

24.  (Previously Presented) A tool bag as defined by claim 22 wherein at least a portion of said bottom portion is substantially rigid.

25.  (Currently Amended)  A tool bag as defined by claim ~~23~~ 22 wherein said bag body defines at least two zippers each for at least partially closing said bag body.

26.  (Previously Presented) A tool bag as defined by claim 22 wherein said fabric body portion bifurcates an interior area defined by said tool bag thereby

Page 2 of 6

*Appln. No.: 10/263,277*
*Amdt. dated: 11/23/04*
*Reply to Office Action of 08/24/04*

defining two interior areas, and said bag body defines an opening into each of said interior areas.

27. (Previously Presented) A tool bag as defined by claim 22 wherein said at least one tool pocket comprises a plurality of tool pockets arranged in rows.

28. (Currently Amended)  A tool bag as defined by claim 26 wherein said bag body is operably openable so that at least one of said interior areas is exposed, and wherein

said bag body defines at least one flap when ~~is~~ in an open position.

Page 3 of 6

NOV-23-'04   14:39   FROM-McCormick, Paulding, & Huber        +860 527 0464        T-855   P.004/006   F-489

*Appln. No.: 10/263,277*
*Amdt. dated: 11/23/04*
*Reply to Office Action of 08/24/04*

## REMARKS

Claims 22-28 are pending and remain for consideration.

Claims 22-28 are rejected under 35 U.S.C. § 102(b) as allegedly being anticipated by U.S. Patent No. 6,126,003 to Brouard (hereinafter "Brouard"). The rejection is traversed and reconsideration is respectfully requested, particularly in view of the clarifying amendments to the claims.

Brouard is directed to a tool bag having a bottom member, a central panel member and a fabric body portion. The bottom member and the central panel member provide structural support for the fabric body portion. The central panel member defines a handle to enable the user to lift and carry the tool bag. The fabric body portion has a plurality of fabric pocket panels which form pockets for holding tools in a vertical orientation. The fabric body portion also has a pair of fabric cover panels which enclose the tools within the tool bag.

However, Brouard does not teach or suggest a tool bag including a bottom portion, a bag body, and a generally rigid handle pivotally coupled to the bag body, as generally recited in amended independent claim 22 of the present application. Unlike the invention as recited in claim 22, Brouard shows a generally rigid central panel member defining a handle. The central panel shown in Brouard is fixedly or non-pivotally coupled to a bottom portion of the bag body. Because the handle shown in Brouard is part of the rigid, central panel member, the handle cannot pivot relative to the panel member or the bag body. The handle disclosed and claimed in the present application, on the other hand, is pivotally coupled to the bag body such that the handle is movable between an upstanding position when it is gripped by a user, and a normal position wherein the handle overlies the tool bag when it is not gripped by a user. Thus the tool bag in accordance with the present invention provides for safe, orderly and convenient storage and transport of tools. (See specification at paragraph [0008]).

PAGE 4/6 * RCVD AT 11/23/2004 2:45:54 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-1/1 * DNIS:8729306 * CSID:+8605270464 * DURATION (mm-ss):02-06

NOV-23-'04   14:40   FROM-McCormick, Paulding, & Huber   +860 527 0464   T-855   P.005/006   F-489

*Appln. No.: 10/263,277*
*Amdt. dated: 11/23/04*
*Reply to Office Action of 08/24/04*

For an anticipation rejection to be appropriate, each and every element or limitation of a rejected claim must be disclosed in a single prior art reference used in the claim rejection. Because Brouard does not teach or suggest a tool bag including a pivotable handle, it cannot be maintained that claim 22 is anticipated by Brouard. Moreover, because claims 23-28 each ultimately depend from and thereby incorporate the limitations of claim 22, these dependent claims are not anticipated by Brouard for at least the reasons set forth for claim 22.

Claims 22-28 are rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over Brouard in view of U.S. Patent No. 5,423,404 to Shaw (hereinafter "Shaw"). The rejection is traversed and reconsideration is respectfully requested, particularly in view of the clarifying amendments to the claims.

Shaw is directed to a triple section zipper tool case to transport tools. The tool case includes a central cargo bay and two outer pockets. The central cargo bay includes a top side, a bottom wall opposite of the top side, first and second end walls appended to the bottom wall and situated opposite of each other, and first and second sidewalls appended to the bottom wall. The first and second sidewalls are situated opposite of each other and arranged to extend between first and second end walls. The first and second sidewalls are substantially larger than the first and second end walls. The two outer pockets are created by attaching an outside wall to the sidewall of the central cargo bay. The tool case also includes handles made of a flexible or limp material that are bound together with a handle wrap as shown in FIG. 4.

Shaw, however, does not teach or suggest a tool bag including a generally rigid handle pivotally coupled to a bag body as recited in claim 22 of the present application. Accordingly, the teaching of Shaw does not materially add to the teaching of Brouard to render claim 22 obvious. Moreover, because claims 23-28 each ultimately depend from and thereby incorporate the limitations of claim 22,

PAGE 5/6 * RCVD AT 11/23/2004 2:45:54 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-1/1 * DNIS:8729306 * CSID:+8605270464 * DURATION (mm-ss):02-06

*Appln. No.: 10/263,277*
*Amdt. dated: 11/23/04*
*Reply to Office Action of 08/24/04*

these dependent claims are not obvious over Brouard in view of Shaw for at least the reasons set forth for claim 22.

In view of the foregoing, it is respectfully submitted that claims 22-28 are in condition for allowance. All issues raised by the Examiner having been addressed, an early action to that effect is earnestly solicited.

No fees or deficiencies in fees are believed to be owed. However, authorization is hereby given to charge our Deposit Account No. 13-0235 in the event any such fees are owed.

Respectfully submitted,

By ___Daniel G Mackas___
Daniel G. Mackas
Registration No. 38,541
Attorney for Applicant

McCormick, Paulding & Huber LLP
CityPlace II, 185 Asylum Street
Hartford, Connecticut 06103-3402
(860) 549-5290

Exhibit 7

CERTIFICATE OF FACSIMILE TRANSMISSION

I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING
FACSIMILE TRANSMITTED TO THE U.S. PATENT AND
TRADEMARK OFFICE ON THE DATE SHOWN BELOW:

Ana R. Rivera
PRINTED NAME OF PERSON SIGNING CERTIFICATE

_____                February 25, 2005
SIGNATURE                                DATE

**RECEIVED**
**CENTRAL FAX CENTER**

**FEB 2 5 2005**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In the Application of | ) |
| | ) Examiner: Luan K. Bui |
| Roger H. Brouard | ) |
| | ) Group Art Unit: 3728 |
| Title: TOOL BAG | ) |
| | ) |
| Serial No.: 10/263,277 | ) |
| | ) |
| Filed On: October 2, 2002 | ) (Docket No.: 6818-0003) |

Middletown, Connecticut, February 25, 2005

Facsimile No.: (703) 872-9306
Mail Stop AF
Commissioner for Patents
P.O. BOX 1450
Alexandria, VA 22313-1450

### AMENDMENT

SIR:

This Amendment with Remarks is submitted in response to the final Office Action mailed January 4, 2005, having a period for response set to expire on April 4, 2005. Applicant respectfully requests reconsideration of the outstanding rejections in view of the following amendments and remarks contained herein.

Amendments to the claims begin on page 2 of this paper.
Remarks begin on page 4 of this paper.

1

Appl. No. 10/263,277
Amdt. dated Feb. 25, 2005
Reply to Final Office Action of Jan. 4, 2005

IN THE CLAIMS

1-21. (Cancelled)

22. (Currently amended)      A tool bag comprising:

a ~~bag~~ bottom ~~portion~~ having a flat surface;

a bag body extending from a periphery of the ~~bag~~ bottom ~~portion~~, the bag body coupled to the bag bottom and including at least one fabric body portion positioned ~~generally~~ substantially centrally of and extending from said ~~bag~~ bottom ~~portion~~, said at least one fabric body portion being non-removably coupled to said ~~bag~~ bottom ~~portion~~;

said fabric body portion forming in-part at least one interior area, and having a plurality of ~~one pocket~~ pockets, at least one of said pockets being positioned within another of said pockets such that an outer surface of said at least one of said pockets forms an inner surface of said another of said pockets, each of said pockets being at least partially coupled ~~thereto~~ to said fabric body portion;

said bag body further including a central, generally rigid panel-like member positioned adjacent to said at least one fabric body portion and extending substantially normal to said ~~bag~~ bottom ~~portion~~, said rigid panel-like member being cooperative with said fabric body portion to bifurcate an interior area defined by said fabric body portion into only two interior compartments; and

a single handle hingedly attached ~~pivotally coupled~~ to said fabric body portion of said bag body and positioned centrally of, longitudinally along, and extending outwardly from a top outermost surface defined by said bag body, said handle being movable relative to said top outermost surface and movable relative to said central panel.

23. (Currently amended)      A tool bag as defined by claim 22 wherein said bag body is coupled to said ~~bag~~ bottom ~~platform~~.

24. (Currently amended)      A tool bag as defined by claim 22 wherein at least a portion of said ~~bag~~ bottom ~~portion~~ is substantially rigid.

2

02/25/2005 FRI 16:29 FAX   →→→ USPTO - ROA                                    ☑003/008

Appl. No. 10/263,277
Amdt. dated Feb. 25, 2005
Reply to Final Office Action of Jan. 4, 2005

25. (Previously presented)    A tool bag as defined by claim 22 wherein said bag body defines at least two zippers each for at least partially closing said bag body.

26. (Cancelled)

27. (Currently amended)    A tool bag as defined by claim 22 wherein said ~~at least one tool pocket comprises a plurality of tool~~ pockets <u>of said plurality of pockets are</u> arranged in rows.

28. (Currently amended)    A tool bag as defined by claim [[26]] <u>22</u>, wherein said bag body is operably openable so that at least one of said interior areas is exposed, and wherein said bag body defines at least one flap when in an open position.

29. (New)    A tool bag as defined by claim 22, wherein a grip is formed through and adjacent an opening of said single handle.

3

Appl. No. 10/263,277
Amdt. dated Feb. 25, 2005
Reply to Final Office Action of Jan. 4, 2005

## REMARKS

Claims 22-28 are pending. Claims 22-28 have been rejected under 35 U.S.C. §102 and 35 U.S.C. §103. Claims 22-24, 27, and 28 have been amended. Claim 26 is cancelled. Claim 29 is newly added. Support for claim 29 is found in the specification of the application as originally filed at page 6. Claims 22-25 and 27-29 remain for consideration upon entry of the present amendment.

Applicant's representatives greatly appreciate the Examiner's willingness to work with Applicant to reach an agreement regarding an allowable claim. A telephone conference between the Examiner and Applicant's representatives occurred on February 9, 2005. In the telephone conference, the Examiner indicated that the amendments to claim 22 proposed herein would be acceptable.

Claims 22-28 have been rejected under 35 U.S.C. §102(b) as being anticipated by U.S. Patent No. 6,126,003 to Brouard (hereinafter "Brouard"). Claim 22 has been amended. Applicant respectfully requests reconsideration of the claims in view of the present amendment.

Claim 22 of the present application recites a tool bag having a bag bottom having a flat surface, a bag body extending from a periphery of the bag bottom, the bag body being coupled to the bag bottom and including at least one fabric body portion positioned substantially centrally of and extending from the bag bottom, the fabric body portion being non-removably coupled to the bag bottom and forming in part at least one interior area and having a plurality of pockets, at least one pocket being positioned within another pocket such that an outer surface of one forms an inner surface of another, each of the pockets being at least partially coupled to the fabric body portion. The fabric body further includes a central, generally rigid panel-like member positioned adjacent to the at least one fabric body portion. The panel-like member extends substantially normal to the bag bottom and is cooperative with the fabric body portion to bifurcate an interior area defined by the fabric body portion into only two interior compartments. A single handle is hingedly attached to the fabric body portion of the bag body and is positioned centrally of, longitudinally along, and extending outwardly from a top outermost surface defined by the bag body, the handle being movable relative to the top outermost surface and movable relative to the central panel.

Brouard is directed to a tool bag having a bottom member, a central panel member, and a fabric body portion. The bottom member and the central panel member provide

4

02/25/2005 FRI 16:30 FAX   →→→ USPTO - ROA                    ☑005/008

Appl. No. 10/263,277
Amdt. dated Feb. 25, 2005
Reply to Final Office Action of Jan. 4, 2005

structural support for the fabric body portion. The central panel member defines a handle to enable the user to lift and carry the tool bag. The central panel member is attached to the top of the bag via stitching. The fabric body portion has a plurality of fabric panels that form pockets for holding tools in a vertical orientation. The fabric body portion also has a pair of fabric cover panels that enclose the tools within the tool bag.

Brouard fails to disclose, teach, or suggest a tool bag having a single handle that is positioned centrally of, longitudinally along, and extending outwardly from a top outermost surface defined by a bag body, the handle being movable relative to the top outermost surface and movable relative to a central panel positioned in the bag body, as recited in claim 22. In the Brouard bag, the handle is integral with a central panel member (shown at 14 in Figure 7) and the central panel member is attached to a top of the bag body (shown in Figure 8). Because the handle is integral with the central panel member, it is not movable relative to the top outermost surface and movable relative to the central panel, as recited in claim 22 of the present invention. The handle of the Brouard bag actually forms part of the rigid, central panel. In contrast, the handle of the tool bag of the present invention is attached to the fabric body portion of the bag body (as opposed to the central panel, as in Brouard).

To anticipate a claim under 35 U.S.C. §102, a single reference must disclose each and every element of the claimed invention. Absence from the reference of any claimed element negates anticipation. Because Brouard fails to disclose, teach, or suggest a tool bag having a single handle that is positioned centrally of, longitudinally along, and extending outwardly from a top surface defined by a bag body, the handle being movable relative to the top outermost surface and movable relative to a central panel positioned in the bag body, as recited in claim 22, claim 22 is not anticipated by the Brouard reference. For at least this reason, claim 22 is allowable. Applicant, therefore, respectfully requests that the rejection of claim 22 be withdrawn.

Claim 26 has been cancelled.

Claims 23, 24, 27, and 28, which depend from claim 22, have been amended to be consistent with the scope of claim 22 and to provide the proper claim dependencies.

Dependent claims, by definition, further define the subject matter of the independent claims from which they depend. Because claims 23-25, 27, and 28 depend from claim 22, claims 23-25, 27, and 28 add recitations that further define the subject matter of independent claim 22. Because claim 22 is believed to be allowable for at least the reasons presented

5

Appl. No. 10/263,277
Amdt. dated Feb. 25, 2005
Reply to Final Office Action of Jan. 4, 2005

above, claims 23-25, 27, and 28 are therefore also believed to be allowable. Consequently, Applicant respectfully requests that the rejections of claims 23-25, 27, and 28 be withdrawn.

Claims 22-28 have been rejected under 35 U.S.C. §103(a) as being unpatentable over Brouard in view of U.S. Patent No. 5,423,404 to Shaw (hereinafter "Shaw"). Claim 22 has been amended, as indicated above. Applicant respectfully requests reconsideration in view of the present amendment.

The teachings of claim 22 of the present application are presented above.

The teachings of Brouard are also presented above.

Shaw is directed to a triple-section zipper tool case for transporting tools. The tool case includes a central cargo bay and two outer pockets. The central cargo bay includes a top side, a bottom wall opposite the top side, first and second end walls appended to the bottom wall and situated opposite each other, and first and second sidewalls appended to the bottom wall. The first and second sidewalls are situated opposite each other and arranged to extend between first and second end walls. The first and second sidewalls are substantially larger than the first and second end walls. The two outer pockets are created by attaching an outside wall to the sidewall of the central cargo bay. The tool case also includes handles made of a flexible or limp material that are bound together with a handle wrap.

Shaw fails to disclose, teach, or suggest a tool bag having a single handle positioned centrally of, longitudinally along, and extending outwardly from a top outermost surface defined by a bag body, as recited in amended claim 22. The tool bag having such a handle (i.e., a handle extending from a top outermost surface) is not a tool case in which flexible handles are attached to opposing sides of the case, the handles being bound together with a handle wrap, as in the Shaw invention. Furthermore, a bag body having a central panel-like member that is cooperative with a fabric body portion to bifurcate an interior area into two interior compartments, as in the present invention, is not a triple-section zipper tool case, as in Shaw.

Moreover, because neither Brouard nor Shaw disclose a tool bag having a handle structure as recited in claim 22, any combination of Brouard and Shaw would necessarily fail to disclose, teach, or suggest the tool bag as recited in claim 22.

To establish a prima facie case of obviousness for a claimed invention, all the claim limitations must be taught or suggested by the prior art. Because neither Brouard nor Shaw, individually or in combination, disclose, teach, or suggest what Applicant claims in amended

6

Appl. No. 10/263,277
Amdt. dated Feb. 25, 2005
Reply to Final Office Action of Jan. 4, 2005

claim 22, viz., a tool bag having a single handle positioned centrally of, longitudinally along, and extending outwardly from a top outermost surface defined by a bag body, both Brouard and Shaw, individually or in combination, fail to teach all of the claim recitations of Applicant's invention. Consequently, because not all of the claim recitations are taught by the cited references individually or in combination, Applicant's claim 22 is necessarily non-obvious. Accordingly, Applicant respectfully requests that the rejection of claim 22 be withdrawn.

As stated above, claim 26 has been cancelled and claims 23, 24, 27, and 28 have been amended.

Claims that depend from a claim that is non-obvious are themselves necessarily non-obvious. Because claims 23-25, 27, and 28 depend from claim 22, and because claim 22 is asserted to be non-obvious for the reasons presented above, claims 23-25, 27, and 28 are necessarily non-obvious. Applicant, therefore, respectfully submits that claims 23-25, 27, and 28 are allowable. Accordingly, Applicant respectfully requests that the rejections of claims 23-25, 27, and 28 be withdrawn.

Applicant believes that the foregoing amendments and remarks are fully responsive to the Office Action and that the claims herein are allowable. In view of the foregoing points that distinguish Applicant's invention from those of the prior art and render Applicant's invention novel and non-obvious, Applicant respectfully requests that the Examiner reconsider the present application, remove the rejections, and allow the application to issue.

If the Examiner believes that a telephone conference with Applicant's attorneys would be advantageous to the disposition of this case, the Examiner is invited to telephone the undersigned.

7

02/25/2005 FRI 16:31 FAX    →→→ USPTO - ROA                                    ☒008/008

Appl. No. 10/263,277
Amdt. dated Feb. 25, 2005
Reply to Final Office Action of Jan. 4, 2005

      Applicant believes that no fees are due with the submission of this Amendment. If any charges are incurred with respect to this Amendment, they may be charged to Deposit Account No. 503342 maintained by Applicant's attorneys.

                  Respectfully submitted,

By _____
           Richard R. Michaud
           Registration No. 40,088
           Attorney for Applicant

Michaud-Duffy Group LLP
CenterPoint
306 Industrial Park Road, Suite 206
Middletown, CT 06457-1532
Tel:    (860) 632-7200
Fax:   (860) 632-8269

8